STATE OF NEBRASKA EX REL. ROBERT M. SPIRE, ATTORNEY
GENERAL, APPELLEE, V. RANDALL J. STODOLA, APPELLANT.

421 N.W.2d 436

Filed April 1, 1988.   No. 86-612.

William G. Line of Kerrigan, Line & Martin, for appellant.

Robert M. Spire, Attorney General, and Yvonne E. Gates, for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and WOLF and McGINN, D. JJ.

WHITE, J.

This is an appeal from an order of the district court for Dodge County affirming a judgment entered by the county court.

Appellant, Randall J. Stodola, was a patient at the Hastings Regional Center from February 14 to March 7, 1983. Neb. Rev. Stat. § 83-364 (Reissue 1987) provides, in part, that "[w]hen any person is admitted to a state institution . . . the patient and his relatives shall be liable for the cost of the care, support, maintenance, and treatment of such person to the extent and in the manner provided by this act." The Department of Public Institutions (DPI) is authorized by statute to assess against the patient or his relatives all or part of the cost of care according to their ability to pay. Neb. Rev. Stat. §§ 83-365 to 83-368 (Reissues 1981 & 1987).

In this case DPI determined that appellant was liable for the full cost of his care. This determination was based on a presumption of "ability to pay" which arose out of appellant's failure to provide DPI with complete information regarding his assets, specifically, an insurance authorization form.

Subsequent to DPI's determination, no payments were made by appellant on the amount due. Consequently, the State filed an action against Stodola, pursuant to Neb. Rev. Stat. § 83-375 (Reissue 1987), to recover the amount determined to be due. The petition simply alleged that Stodola had been a patient and received care at the Hastings Regional Center; that such persons are, by statute, liable for costs of care; that DPI determined that Stodola had the ability to pay $2,474 (the full cost of his care); and that the State had demanded payment, but such had not been made. Following a trial to the county court for Dodge County, the court entered judgment against Stodola for the full amount plus interest. Upon appeal to the district court, that judgment was affirmed.

Appellant's sole assignment of error alleges that the court erred in not finding DPI rule 2-(3) (1975) invalid as being broader than Neb. Rev. Stat. § 83-370 (Reissue 1987) and, accordingly, ineffective to constitute a basis for finding a patient liable for the full cost of care because of failure to furnish DPI with financial information.

The statutes and DPI rule relevant to the question on appeal in this matter are set out below. Section 83-368 (Reissue 1981) provides:

> The department shall determine the ability of a patient to pay by consideration of the following factors: (1) Taxable income reportable under Nebraska law; (2) the patient's age; (3) the number of his dependents and their ages and mental and physical conditions; (4) the patient's length of care or treatment; (5) his liabilities; and (6) his assets.

Section 83-370 provides: "When any *relative* willfully fails to furnish to the department, upon request, the information required by this act as to his taxable income, such relative shall be determined to have ability to pay the entire cost determined under this act." (Emphasis supplied.)

DPI rule 2-(3) provides as follows:

FAILURE TO FURNISH INFORMATION. When any *patient or relative* willfully fails to furnish financial information (includes but is not necessarily limited to a copy of their state tax return and a completed financial questionnaire) to the Department within 20 days from the date requested, such person/s shall be deemed to have the ability to pay the full cost of any care, support, maintenance and treatment rendered to the patient. The Department may give consideration to extenuating circumstances with regard to the 20 day limitation.

(Emphasis supplied.)

At trial appellant argued that DPI's determination of his ability to pay was improper and invalid because it did not comport with the statutes which authorize such determinations. The question to be answered on this appeal is whether there existed a valid and proper DPI determination of ability to pay which could constitute the basis for a money judgment against appellant. We find that the determination was improper and thus cannot be the basis for a judgment against appellant.

Section 83-368, quoted above, sets forth factors to be considered in determining a *patient's* ability to pay. Neb. Rev. Stat. § 83-369 (Reissue 1987) sets forth factors to be used by DPI in determining a *relative's* ability to pay if a patient is unable to pay the entire cost. These factors are nearly identical. Section 83-370 allows DPI to presume that a *relative* has ability to pay the entire cost in situations where "any *relative*" fails to furnish information *"as to his taxable income."*

Neb. Rev. Stat. § 83-371 (Reissue 1987) directs DPI to "adopt appropriate rules and regulations for making the determinations required by this act." Appellee in this case argues that § 83-371, in conjunction with § 83-370, authorized DPI to enact rule 2-(3), set forth above. We cannot agree.

There is no doubt that the Legislature can delegate to an administrative agency the power to make rules and regulations to implement the policy of a statute. *County of Dodge v. Department of Health*, 218 Neb. 346, 355 N.W.2d 775 (1984). However, the agency is limited in its rulemaking authority to the

powers delegated to it by the statute which it is to administer. *Id.* In order to be valid, a rule or regulation must be consistent with the statute under which the rule or regulation is promulgated. *Id.*; *United States v. Larionoff*, 431 U.S. 864, 97 S. Ct. 2150, 53 L. Ed. 2d 48 (1977).

DPI has promulgated a rule, rule 2-(3), which enables that agency to exercise powers beyond those *actually* delegated to it by the Legislature. Furthermore, rule 2-(3) is not consistent with § 83-370. The Legislature has provided that DPI has the burden of proving that determinations of "ability to pay" are based on criteria set forth in the statutes. Section 83-370 allows an "exception," so to speak, by allowing DPI to presume an "ability to pay the entire cost" of care if "*any relative* willfully fails to furnish . . . information . . . as to his *taxable income.*" (Emphasis supplied.) It seems clear that DPI rule 2-(3) goes well beyond the statute and allows such a presumption for an entirely different class of persons. Rule 2-(3) modifies and enlarges § 83-370 to include *any patient* who fails to furnish, presumably, *any* financial information requested by DPI. As appellee notes in its brief, it is undisputed that an administrative agency may not employ its rulemaking power to modify, alter, or enlarge provisions of a statute which it is charged with administering. *Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985); *County of Dodge v. Department of Health, supra.*

This court has previously held that in the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning. It is not within the province of this court to read a meaning into a statute which is not warranted by the legislative language. *Niedbalski v. Board of Ed. of Sch. Dist. No. 24*, 227 Neb. 516, 418 N.W.2d 565 (1988). Had the Legislature intended a presumption of a patient's ability to pay full cost of care if such person failed to provide certain financial information, it clearly could have included a provision such as § 83-370 which would have covered *patients*. It is not, however, within DPI's power to alter or enlarge the scope of burdens of proof and presumptions which have been set forth by the Legislature.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.