CRYSTAL CLEMENS ET AL., INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED, APPELLANTS, V. MARY DEAN
HARVEY, DIRECTOR OF THE NEBRASKA DEPARTMENT OF SOCIAL
SERVICES, AND THE NEBRASKA DEPARTMENT OF SOCIAL
SERVICES, APPELLEES.

525 N.W.2d 185

Filed December 23, 1994.   No. S-93-898.

John B. Milligan, of Legal Services of Southeast Nebraska;
Georgiene Radlick-Wagoner, of Western Nebraska Legal
Services; Milo Alexander, of Legal Aid Society, Inc.; and D.
Milo Mumgaard, of Nebraska Center for Legal Services, for
appellants.

Don Stenberg, Attorney General, Royce N. Harper, and
Michael J. Rumbaugh, Special Assistant Attorney General, for
appellees.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

WRIGHT, J.

The appellants, Crystal Clemens, Garaline Ashley, Charlene Carriker, and Christine Perault, brought a declaratory action as a class of individuals challenging the revision by the Nebraska Department of Social Services (DSS) of a regulation which terminated their eligibility for a medical assistance program. The action was submitted to the Lancaster County District Court for trial on a stipulation of facts, and the district court dismissed the petition. We granted the appellants' petition to bypass the Nebraska Court of Appeals.

## SCOPE OF REVIEW

In reviewing an equity action for a declaratory judgment, an appellate court tries factual issues de novo on the record and reaches a conclusion independent of the findings of the trial court. *Jaksha v. Thomas*, 243 Neb. 794, 502 N.W.2d 826 (1993).

## FACTS

Commencing in 1966 with the inception of the Nebraska medical assistance program, and continuing until the revision of the state regulation at issue here, low-income individuals in nongrant eligible, aid to dependent children (ADC) families were eligible for and received medical assistance benefits. These "caretaker relatives" were not eligible for ADC benefits because their income or resources were above the ADC standard, but were low enough to make them eligible for medical assistance benefits. Pursuant to 468 Neb. Admin. Code, ch. 2, § 006.02 (1992), a caretaker relative is defined as a father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, second cousin, nephew, or niece. The relative may be half blood, related by adoption, or from a preceding generation as denoted by prefixes of grand, great, great-great, or great-great-great. The definition also includes the spouse of any person previously named even after the marriage has been terminated by death or divorce.

Nebraska's medical assistance program is administered by

DSS. Neb. Rev. Stat. § 68-1021 (Cum. Supp. 1994). In 1993, DSS promulgated an amendment to the Nebraska Administrative Code which eliminated the eligibility of caretaker relatives for medical assistance. This action was taken by DSS independent of any specific legislative directive or requirement to do so. The change was implemented due to a projected deficit in biennium funding for the medical assistance program.

In February and March 1993, more than 5,000 caretaker relatives were notified by DSS that their eligibility for medical assistance benefits had been or would be terminated because of the change in regulation. The appellants then brought this action seeking a declaratory judgment and injunctive relief. Each of the named appellants has ongoing medically necessary health care needs, and they are not able to afford medical treatment or to obtain private medical insurance to cover these medical needs.

The district court found that the appellants were entitled to have this action certified as a class action. The class included all individuals in the State of Nebraska who had received or would receive notices from DSS that their eligibility for medical assistance benefits had been or would be terminated, or whose application for assistance had been or would be denied due to the provisions of DSS' "Manual Letter # 5-93," which contained the amendment adopted by DSS.

In their petition, the appellants contended that DSS' elimination of the caretaker relatives' eligibility violated certain federal procedural standards, that DSS acted beyond the scope of its statutory authority in its attempt to reduce a projected budgetary deficit, and that DSS' actions were contrary to the separation of powers doctrine contained in article II, § 1, of the Nebraska Constitution. The district court held that the appellants were not entitled to the requested injunctive relief and that DSS' action in adopting the amendment did not violate the Nebraska Constitution, state statutes, or the federal Social Security Act.

## ASSIGNMENTS OF ERROR

The appellants make the following assignments of error: The district court erred (1) by finding that DSS' "after the fact"

consultation with the Medical Care Advisory Committee satisfied the requirements of the Social Security Act; (2) by finding that DSS' adoption of the regulations at issue was not contrary to Neb. Rev. Stat. § 68-721 (Reissue 1990), which contains the exclusive statutory method available to DSS to reduce a projected medical assistance budgetary deficit; (3) by finding that DSS' actions did not exceed the authority delegated to it in state statutes; and (4) by finding that DSS' actions did not violate the separation of powers doctrine of article II, § 1, of the Nebraska Constitution.

## ANALYSIS

We address only the appellants' third and fourth assignments of error because they are decisive of the case. The appellants argue that DSS exceeded the powers delegated to it by the Legislature when DSS adopted an amendment which eliminated more than 5,000 caretaker relatives from eligibility for medical assistance benefits. We agree.

The Legislature may delegate to an administrative agency the power to make rules and regulations to implement the policy of a statute, but this delegated authority is limited to the powers delegated to the agency by the statute which the agency is to administer. *State ex rel. Spire v. Stodola*, 228 Neb. 107, 421 N.W.2d 436 (1988). An administrative agency may not employ its rulemaking power to modify, alter, or enlarge provisions of a statute which it is charged with administering. *Id.*

Nebraska's medical assistance program, a cooperative federal-state medicaid program, is required to comply with federal regulations. See, *Weaver v. Reagen*, 886 F.2d 194 (8th Cir. 1989); 42 U.S.C. § 1396(a) (1988 & Supp. V 1993). When the Legislature established the medical assistance program, it adopted the federal medical assistance provisions contained in title XIX of the Social Security Act. See Neb. Rev. Stat. § 68-1018 (Reissue 1990) and § 68-1021. The federal program designated the classes of persons eligible. See Neb. Rev. Stat. § 68-1020 (Reissue 1990). Section 68-1020 provides that medical assistance shall be paid on behalf of dependent children, aged persons, and blind and disabled individuals. By adopting the provisions of the federal law, § 68-1021 also

provides that caretaker relatives as defined herein are eligible for benefits. Since their inception, the medical assistance statutes have been amended several times by the Legislature in order to make additional groups eligible for benefits, but to this date, the Legislature has not eliminated any class of recipients.

It is undisputed that the class of individuals whose eligibility for medical assistance has been terminated by DSS' action has been eligible for such benefits since the beginning of the program and that the benefits were not terminated by legislative action. With the adoption of the medical assistance program, the Legislature made specific reference to existing federal law by accepting and assenting to "all applicable provisions of Title XIX of an Act of Congress identified as H.R. 6675, 89th Congress, approved July 30, 1965." § 68-1021. H.R. 6675 provided that the medicaid program should include caretaker relatives:

> "(a) The term 'medical assistance' means payment of part or all of the cost of the following care and services . . . for individuals who are—
> " . . . .
> "(ii) relatives specified in section 406(b) (1) with whom a child is living if such child, except for section 406(a) (2), is (or would, if needy, be) a dependent child under title IV . . . ."

1965 U.S. Code Cong. & Admin. News 305, 379.

We have held that a statute may adopt all or a part of another statute by a specific reference, and the effect is the same as if the statute or part thereof adopted had been written into the adopting statute. *Adams v. State*, 138 Neb. 613, 294 N.W. 396 (1940). By making specific reference to H.R. 6675, § 68-1021 adopted the language contained therein. The Legislature may lawfully adopt by reference an existing law or regulation of another jurisdiction, including the United States. *Anderson v. Tiemann*, 182 Neb. 393, 155 N.W.2d 322 (1967). Thus, Nebraska's medical assistance statutes include the coverage that is described for caretaker relatives in H.R. 6675.

As both parties point out, title XIX of the Social Security Act was amended by the Omnibus Budget Reconciliation Act (OBRA) in 1981. Pursuant to OBRA, the states were no longer

required to provide medical assistance coverage for caretaker relatives. At the time that the Legislature adopted H.R. 6675, OBRA was not in existence. In this instance, the Legislature could not have adopted OBRA, because the adoption of an act of Congress to be passed in the future would be an unconstitutional attempt on the part of the Legislature to delegate legislative authority to Congress. See, *Anderson v. Tiemann, supra*; *Smithberger v. Banning*, 129 Neb. 651, 262 N.W. 492 (1935). As of this date, the Legislature has not passed legislation which eliminates this group from coverage.

DSS argues that it has the authority to unilaterally eliminate such coverage without a specific legislative act. We disagree. While DSS correctly asserts that it has been given general authority to promulgate medical assistance rules and regulations under Neb. Rev. Stat. §§ 68-1018 to 68-1036 (Reissue 1990 & Cum. Supp. 1994), we do not find that DSS has been given the specific authority to unilaterally eliminate coverage to the class in question. Absent specific statutory authority, DSS did not have the power to issue the regulation eliminating benefits, and the regulation therefore is invalid. In the event that the Legislature determines that coverage for caretaker relatives shall be eliminated, it may do so by appropriate legislation. It is the function of the Legislature through the enactment of statutes to declare what is the law and public policy of this state. *Nebraska P.P. Dist. v. City of York*, 212 Neb. 747, 326 N.W.2d 22 (1982).

The appellants also argue that DSS' amendment of the regulation violated the separation of powers doctrine. DSS is a part of the executive branch of government. The Legislature may enact statutes to set forth the law, but it may not delegate that function to the executive or judicial branches of government. See *id*. Neb. Const. art. II, § 1, provides in part: "[N]o person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted." The Nebraska Constitution thus prohibits one branch of government from encroaching on the duties and prerogatives of the others or from improperly delegating its own duties and prerogatives. *State ex rel. Spire v. Conway*, 238 Neb. 766, 472 N.W.2d 403 (1991). The Legislature cannot delegate

to DSS the authority to eliminate caretaker relatives from eligibility for medical assistance.

DSS' decision to exclude an entire class of persons from the medical assistance program was a legislative act. This action encroaches upon and interferes with legislative powers that cannot be delegated to DSS. See *State ex rel. Johnson v. Hagemeister*, 161 Neb. 475, 73 N.W.2d 625 (1955). Since the Legislature cannot delegate such powers and has not attempted to do so, and since DSS has unilaterally encroached upon the duties and prerogatives of the Legislature, the agency's actions are unconstitutional in violation of the language of article II, § 1, of the Nebraska Constitution. DSS' elimination of an entire class of beneficiaries, including more than 5,000 people, without specific legislation or authority is invalid and unconstitutional. Although DSS asserted that it revised the regulation in part based on a projected deficit in funding for the medical assistance program, we do not now decide what action is prescribed by law in the event of such a deficit.

We reverse the judgment of the district court and remand the cause for entry of judgment consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.