REQUESTED BY: Senator Don Wesely Nebraska State Legislature
BACKGROUND
The Health and Human Services Committee recently held a hearing on LB 203. As drafted, the bill changes the references to the medical assistance program from July 30, 1965 to the program as it exists on the effective date of the act.
Question 1: What is the effect of LB 203, if passed, on the ability of the Department of Social Services (DSS) without the consent of the Legislature to change the services offered by the Medical Assistance Program or to change who would be eligible for the program.
Conclusion: The result is that DSS must grant benefits and adhere to eligibility for groups or classes that have been established by the Social Security Act and implemented by federal regulation on the effective date of the Act. The department would not be able to change eligibility standards for a particular group or class without the consent or direction of the legislature. As to services, the legislature has mandated specified services in Neb. Rev. Stat. § 68-1019 (1994 Supp.). DSS has no authority to reduce or alter those services.
Question 2: What is the effect of the Clemens v. Harvey case recently decided by the Nebraska State Supreme Court on the provisions of LB 203.
Conclusion: LB 203 is a response to the Clemens decision which predated the bill. The purpose of LB 203 is to correct an outdated reference to federal law.
Question 3: What is the legal effect on the Medicaid program should LB 203 not become law?
Conclusion: In the event LB 203 does not pass the Department cannot change eligibility standards for a particular group or class but rather will have to adhere to the outdated standards set out in the Federal Act of 1965.
DISCUSSION
The essence of the opinion in Clemens v. Harvey, 247 Neb. 77,525 N.W.2d 185 (1994), was that the Department cannot by regulation change eligibility standards of a particular class or group without the express permission of the legislature. The court held that since the Federal Act of 1965, adopted by the Nebraska Legislature, provided medicaid coverage for all caretakers of AFDC children, the Department could not, without legislative direction limit eligibility standards by excluding those caretakers who were maintaining a given income level.
In regard to services, there are services that are optional and services that are mandatory. Neb. Rev. Stat. § 68-1019
specifies certain services under medical assistance that are mandated. A review of that section shows a broad inclusive list of specified services. Irrespective of Clemens, DSS has no authority to reduce the specified services set out in Neb. Rev. Stat. § 68-1019.
However, it should be noted that Neb. Rev. Stat. § 68-1019
(5) states that the Director of Social Services shall adopt rules and regulations that provide limits as to amount, duration, and scope of services and goods recipients may receive under the medical assistance program, and such limits shall comply with the applicable provisions of Title XIX of the Social Security Act.
LB 203 basically cleans up and clarifies the issue by amending Neb. Rev. Stat. § 68-1021 thus having the legislature accept and assent to all applicable provisions of42 U.S.C. § 1396, as amended on the effective date of LB 203.
In Clemens the court, citing State ex rel Spire v. Stodola,228 Neb. 107, 421 N.W.2d 436 (1988) held that an administrative agency may not employ its rule making power to modify, alter or enlarge provisions of a statute which it is charged with administering.
The court stated that when the Legislature established the medical assistance program, it adopted the federal medical assistance provisions contained in Title XIX of the Social Security Act. The adoption of the Federal Act was codified at Neb. Rev. Stat. § 68-1018 and 68-1021 (1990). The Federal Act of 1965 designated the classes of persons eligible for medical assistance and caretaker relatives (mothers in the Clemens case were covered without income exceptions). In Clemens the court stated that with the adoption of the medical assistance program, the Legislature made specific reference to existing federal law by accepting and assenting to "all applicable provisions of Title XIX of an Act of Congress identified as H.R. 6675, 89th Congress, approved July 30, 1965."
It is our opinion the LB 203 remedies the problem since it eliminates the reference to the 1965 Federal Act and essentially accepts and assents to the federal provisions (codified at42 U.S.C. § 1396) that exist on the effective date of LB 203. The enactment updates the Nebraska Medicaid statutes as to eligibility standards for AFDC caretakers making them compatible with the Federal Act thus enabling DSS to properly promulgate and implement regulations pursuant to a legislative enactment.
Sincerely,
 DON STENBERG Attorney General
 Royce N. Harper Senior Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of Legislature
APPROVED BY:
Don Stenberg 
Attorney General