REQUESTED BY: J. Michael Jess, Director, Department of Water Resources
You have inquired whether the Department of Water Resources is authorized to collect a supplemental registration fee in the event that a water well's pumping capacity is increased after the date of its original registration. You note that the initial well registration assessments are based upon a well's estimated pumping capacity.
We are of the opinion that a water well owner who subsequently increases a well's pumping capacity, such that the capacity corresponds to a higher registration fee category, may be required to re-register the well and pay the difference between the higher fee and the initial registration fee already paid.
Neb. Rev. Stat. § 46-606 (Cum. Supp. 1996) requires the Director of the Department of Water Resources to collect a registration fee of $30 for each water well required to be registered under section 46-602, with specified exceptions. Additionally, the department is directed to collect an additional fee set by the Water Well Standards and Contractors' Licensing Board. Neb. Rev. Stat. § 46-1224(4) (Cum. Supp. 1996) authorizes the board to set a fee of not less than $25 and not more than $40 for wells designed to pump less than fifty gallons per minute, and a fee of not less than $40 and not more than $80 for water wells constructed to pump fifty gallons per minute or more. The fees established by the Water Well Standards and Contractors' Licensing Board are to be "calculated to recover the costs incurred by the department and the board in administering and carrying out the purposes of the Water Well Standards and Contractors' Licensing Act." Neb. Rev. Stat. § 46-1224 (1) (Cum Supp. 1996). Subsection 4 of § 46-1224 also directs that "[t]he fees shall be remitted to the Director of Water Resources with the registration form required by section 46-602. . . ."
You note that an inequity arises at present whenever a water well owner initially pays a lower fee, but then subsequently increases the well's pumping capacity. You have also expressed concern that funding to carry out the purposes of the act could be jeopardized should this occur with any frequency.
The referenced statutes do not specifically provide that a water well owner is required to submit a revised registration form or a supplemental fee in the event that the well's pumping capacity is later increased. Neither, however, do the statutes preclude the department from collecting an additional fee and requiring a revised registration form in such cases in order to properly administer and carry out the purposes of the relevant legislation. The Legislature has identified a well's pumping capacity as the determining factor in deciding what fee should be assessed. Given this focus, it could be argued that when a well owner increases the pumping capacity of a well, a new well comes into existence.
Neb. Rev. Stat. § 46-1226 (1993) authorizes the department,
 with the advice and consent of the board, [to] adopt and promulgate rules and regulations for the administration of the Water Well Standards and Contractors' Licensing Act. The department shall be responsible for the administration and enforcement of such act and any standards, rules, or regulations adopted and promulgated by the department or board pursuant to such act. The department shall consult with the board in carrying out the departmental duties under such act for (1) conducting examinations, (2) issuing, denying, refusing renewal of, suspending, or revoking licenses or certificates, and (3) collecting fees.
The legislature may delegate to an administrative agency the power to make rules and regulations to implement the policy of a statute, but this delegated authority is limited to the powers delegated to the agency by the statute which the agency is to administer. Clemens v. Harvey, 247 Neb. 77, 525 N.W. 185 (1994). An administrative body has only that authority specifically conferred upon it by statute or by construction necessary to achieve the purposes of the relevant act. Southeast RuralVolunteer Fire Dept. v. Nebraska Dept. of Revenue, CharitableGaming Div., 251 Neb. 852, 560 N.W.2d 436 (1997); In reApplication A-16642, 236 Neb. 671, 463 N.W.2d 591 (1990);Cornhusker Christian Children's Home, Inc. v. Department ofSocial Services of State of Neb., 227 Neb. 94, 416 N.W.2d 551
(1987). In order to be valid, a rule or regulation must be consistent with the statute under which the rule or regulation was promulgated. State ex rel. Spire v. Stodola, 228 Neb. 107,421 N.W.2d 436 (1988).
If necessary to properly carry out the purposes of the Water Well Standards and Contractors' Licensing Act, the department is authorized — with the advice and consent of the board — to promulgate regulations for the re-registration of wells and/or the collection of an additional fee for water wells whose pumping capacity is subsequently increased. Of course, any additional fee assessed must be within the limits established by statute. In our view, such a rule is not inconsistent with the statutes conferring powers to the department, and further serves the purposes intended by the legislature.
Sincerely,
 DON STENBERG Attorney General
 Marie C. Pawol Assistant Attorney General
Approved By:
Don Stenberg
Attorney General