REQUESTED BY: Allan L. Abbott, Director-State Engineer Nebraska Department of Roads
You have asked several questions regarding the implementation of L.B. 255 enacted by the 1997 Nebraska Legislature.
You have first asked whether the rules and regulations of the Public Service Commission pertaining to matters transferred to the Nebraska Department of Roads by LB 255 are void, or whether the Nebraska Department of Roads can use those rules until the Department promulgates rules of its own? Although we find no authority to determine that the rules themselves are void, the rules allow the Public Service Commission to implement the powers granted to the Commission by statute, and because LB 255 removed the statutory power granted the Public Service Commission, the Public Service Commission itself is without power to enforce the rules and regulations transferred to the Department of Roads by LB 255.
 There is no doubt that the Legislature can delegate to an administrative agency the power to make rules and regulations to implement the policy of a statute. County of Dodge v. Department of Health, 218 Neb. 346, 355 N.W.2d 775 (1984). However, the agency is limited in its rulemaking authority to the power delegated to it by the statute which it is to administer. Id. In order to be valid, a rule or regulation must be consistent with a statute under which the rule and regulation is promulgated. Id.; United States v. Larionoff, 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977).
State ex rel. Spire v. Stodola, 228 Neb. 107, 109,421 N.W.2d 436, 438 (1988).
When the Legislature amended the statutes that the rules and regulations of the Public Service Commission were meant to implement, the Legislature revoked the power conferred on the Public Service Commission to enforce these rules and regulations.
You have asked whether the Department of Roads can use the rules and regulations of the Public Service Commission until the Department promulgates rules of its own. We can find no authority that would allow the Department of Roads to use or enforce the rules and regulations of the Public Service Commission.
You have asked next whether the Nebraska Department of Roads has the authority to resolve disputes regarding blocked crossings, both public and private, as a result of the passage of LB 255? Although it is unclear from the language of LB 255 whether the Legislature intended to grant authority to the Department of Roads to resolve all types of blocked crossing disputes, we believe that it is clear that LB 255 grants authority to the Department to resolve disputes in limited situations.
Section 4 of LB 255 grants the Department "jurisdiction" over all crossings, both public and private outside of incorporated villages, towns and cities, but limits the rulemaking authority of the Department to matters pertaining to construction, maintenance and repair of crossings. Arguably, a dispute regarding blockage of a crossing involves the operational aspects of the crossing, not its construction, maintenance or repair. A blocked crossing that is properly constructed, maintained or repaired is still blocked.
Section 7 of the bill appears to grant limited authority to the Department regarding "blocked crossings" if a person owns land on both sides of the railroad right-of-way. Section 7 presumably is meant to apply to private crossings. If the crossing is not adequate or if the crossing is unsafe, the Department, after investigation and hearing, can order construction of, among other things, an overhead or underground crossing. If the remedy ordered by the Department exceeds $1,500, the landowner is required to pay one-half of the cost over $1,500. A crossing regularly blocked for extended periods of time is arguably "not adequate," and therefore the Department is granted authority to investigate, hear and determine the controversy involving such a crossing.
Section 8 of LB 255 grants the Department authority to determine complaints filed by a village or city concerning crossings within villages or cities. The subject matter of the complaint is not limited, and presumably would include complaints regarding "blocked crossings." The determination of the Department is limited by section 8 of the bill to making "such orders as the facts may warrant." This again would presumably include an order preventing the blockage of a given public highway rail crossing.
Section 9 and 10 of LB 255 grant the Department authority to determine complaints regarding any change, alteration or construction of a public crossing located outside of incorporated villages or cities which cannot be agreed upon by the railroad and the local authority. The proposed change, alteration, or construction must promote the public convenience or safety, but is otherwise unlimited as to subject matter. A blocked crossing dispute involving a public crossing outside of an incorporated village or city, that could be resolved by change, alteration or construction of the crossing could be resolved by the Department pursuant to this section of LB 255. Allocation of expenses of such change, alteration or construction would be determined by the Department.
Section 14 of LB 255 authorizes the Department to establish a comprehensive public safety program to deal with "problems" associated with public and private highway-rail grade crossings. Blockage of highway-rail grade crossings would likely be considered a "problem" to be dealt with by such a safety program.
Each of the sections cited grants authority to the Department to resolve controversies involving blocked highway-rail grade crossings. Until the Department adopts rules and regulations establishing a hearing procedure to implement the authority granted by LB 255, the Department will remain unable to resolve blocked highway-rail crossing disputes.
You have also asked whether the Nebraska Department of Roads has the authority to promulgate rules and regulations concerning resolution of disputes over blocked railroad crossings? We believe the Department has such authority. Section 14 of LB 255 authorizes the Department to adopt and promulgate rules and regulations establishing a comprehensive safety program to deal with problems associated with public and private highway rail crossings. Obvious "problems" associated with highway-rail grade crossings arise when those crossings are blocked regularly or for extended periods of time. Despite the definitional problem of determining what is a "private highway-rail crossing," it appears that the Legislature has granted the Department the authority to promulgate rules and regulations to carry out the duties transferred to the Department by LB 255.
Sincerely,
 DON STENBERG Attorney General
 John E. Brown Assistant Attorney General
Approved By:
Don Stenberg
Attorney General