PAOLA A. ZUCO, APPELLEE,
v. LEROY WAYNE TUCKER, APPELLANT.
609 N.W.2d 59

Filed April 11, 2000. No. A-99-397.

Jeffrey S. Schmidt, of Schmidt Law Office, for appellant.

No appearance for appellee.

IRWIN, Chief Judge, and HANNON and CARLSON, Judges.

HANNON, Judge.

## INTRODUCTION

Paola A. Zuco sought a protection order against her ex-husband, Leroy Wayne Tucker. At the show cause hearing, the trial court limited the testimony to that of the parties and did not allow Tucker to call witnesses prepared to testify on his behalf. After the trial court entered the protection order, Tucker appealed, alleging that the trial court violated his due process rights in not allowing him to present evidence through his additional witnesses. We find that the trial court did violate his due process rights, but because Tucker did not make an offer of proof or make the content of the witnesses' testimony apparent, his appeal cannot stand. Accordingly, we affirm.

## SUMMARY OF EVIDENCE

Zuco applied for a protection order against Tucker, pursuant to Neb. Rev. Stat. § 42-924 (Reissue 1998). In Zuco's application, filed March 4, 1999, she alleged several instances of harassment by Tucker since the time of their divorce in 1996. Her application listed some physical violence while they were still married and periodic instances of verbal abuse and threats of assault after their divorce. Zuco's petition alleges several instances occurring in 1998 and 1999 in which Tucker used vulgar descriptions of her and threatened to assault her.

Tucker was given notice of the hearing set for March 15, 1999, and ordered to show cause why a protection order should not be issued against him. Tucker appeared at the hearing with counsel, while Zuco appeared pro se. Zuco testified that Tucker was verbally abusive and had threatened to assault her. Zuco stated that seeking the protection order was a way for the parties to get on with their lives. To conclude, she affirmed the allegations she made in her application.

Tucker denied the allegations made by Zuco in her application, and while on the stand, he explained some of the disagreements and categorically denied ever threatening Zuco either mentally or physically. He also testified that Zuco reciprocated and that they both used vulgar names toward each other. Tucker admitted an Aliant Communications invoice showing that he purchased a call rejection package to prevent Zuco from calling him at work. Tucker also expressed concern that a consequence of a protection order would be that his visitation rights with their two children would be limited.

At the end of Tucker's testimony, Tucker's counsel informed the court that while he understood the trial court had a policy of limiting witnesses in such cases, he had "other individuals here to testify to support some of Mr. Tucker's testimony." The trial court denied the request to call other witnesses, and Tucker's counsel objected regarding due process. The court then found that Tucker had failed to show cause and thereby entered the protection order against him for 1 year, holding however that the order was not to interfere with Tucker's visitation rights. Tucker now appeals.

## ASSIGNMENT OF ERROR

Tucker alleges that the trial court erred by refusing to allow him to present witnesses to rebut the accusations made against him. Zuco did not file a brief on appeal.

## STANDARD OF REVIEW

While the standard of review for an appeal of a protection order is ordinarily de novo on the record, *Lockenour v. Sculley*, 8 Neb. App. 254, 592 N.W.2d 161 (1999), the issue we address to decide this appeal is solely a question of law, and therefore a different standard applies. "To the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below." *Gress v. Gress*, 257 Neb. 112, 115, 596 N.W.2d 8, 12 (1999).

## ANALYSIS

The issue presented in this case must be decided according to the rules of evidence, and "[i]n all proceedings where the Nebraska Evidence Rules apply, admissibility of evidence is controlled by the rules, not judicial discretion, except in those instances when judicial discretion is a factor involved in the admissibility of evidence." *State v. McManus*, 257 Neb. 1, 4, 594 N.W.2d 623, 626 (1999).

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked.

Neb. Evid. R. 103(1)(b), Neb. Rev. Stat. § 27-103(1)(b) (Reissue 1995). This section requires that two conditions exist before an alleged error is appealable: The alleged error must (1) affect a substantial right and (2) be made known to the trial court. We will address each condition accordingly.

*Substantial Right Affected.*

" 'In a civil case, to constitute reversible error contemplated in [§ 27-103(1)(b)] admission or exclusion of evidence must unfairly prejudice a substantial right of a litigant com-

plaining about such evidence admitted or excluded.'" *Equitable Life v. Starr*, 241 Neb. 609, 619, 489 N.W.2d 857, 864 (1992), quoting *Rose v. City of Lincoln*, 234 Neb. 67, 449 N.W.2d 522 (1989). The record indicates that the trial court prohibited Tucker from calling additional witnesses according to an alleged policy to further the interest of judicial economy. When informed that additional witnesses were waiting to testify, the trial judge stated, "No. This is a rather summary hearing. We've got about four of these a day and we'd be hearing them next March, a year from now." Tucker's counsel voiced his concerns "regarding the due process of this" and objected for the record.

■ In *In re Interest of Kelley D. & Heather D.*, 256 Neb. 465, 590 N.W.2d 392 (1999), the Nebraska Supreme Court stated:

> Procedural due process includes notice to the person whose right is affected by the proceeding; reasonable opportunity to refute or defend against the charge or accusation; reasonable opportunity to confront and cross-examine adverse witnesses and present evidence on the charge or accusation; representation by counsel, when such representation is required by the Constitution or statutes; and a hearing before an impartial decisionmaker.

*Id.* at 476-77, 590 N.W.2d at 401 (discussing due process rights of father in case to terminate his parental rights).

■ We believe that any blanket policy of the trial court to limit witnesses in protection order cases denies due process and is to be discouraged. Of course, a court must manage its docket, but a court cannot subjugate a litigant's due process rights under the guise of judicial economy. See *Bender v. Department of Motor Vehicles*, 8 Neb. App. 290, 593 N.W.2d 27 (1999) (holding that denying party's request for witness' attendance may violate due process if party shows witness' testimony would add something to information in record).

Further, we note that protection orders, as applied in this case, are governed by § 42-924 and Neb. Rev. Stat. §§ 42-925 and 42-926 (Reissue 1998). None of these sections procedurally limit a respondent's witnesses when showing cause why a protection order should not be granted. In fact, the statutory scheme is

designed to afford a respondent due process, requiring both notice and an opportunity to be heard.

Our holding that a trial court may not enforce a blanket policy denying a party the right to call nonparty witnesses is not a holding that the trial court must listen to every witness a party might call. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by . . . considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Neb. Evid. R. 403, Neb. Rev. Stat. § 27-403 (Reissue 1995). In view of the fact that protection order proceedings are summary in nature and that frequently one or both parties are not represented by counsel, we believe the trial judge is justified in taking an active role in enforcing § 27-403 in such cases. We also realize that the contested factual hearing in protection order proceedings is a show cause hearing, in which the fact issues before the court are whether the facts stated in the sworn application are true. We therefore think that in protection order proceedings, the trial judge is justified in insisting upon a short offer of proof so that the judge may on her or his own volition enforce § 27-403. There was no offer of proof of any kind made in this case, which we find fatal to this appeal.

*Made Known to Trier of Fact.*

The second condition in § 27-103(1)(b) which must occur for an appealable error to exist is that the substance of the excluded evidence must be made known to the trial court either from the context under which the evidence was elicited or through an offer of proof.

> In order to predicate error upon a ruling of the court refusing to permit a witness to testify, or to answer a specific question, the record must show an offer to prove the facts sought to be elicited. [Citation omitted.]
>
> In the absence of an offer of proof, the question becomes whether the substance of the evidence was apparent from the context within which the question was asked and whether the evidence would have been material and competent.

*Anderson/Couvillon v. Nebraska Dept. of Soc. Servs.*, 253 Neb. 813, 818, 572 N.W.2d 362, 366 (1998).

Tucker's counsel stated only that he had "other individuals here to testify to support some of Mr. Tucker's testimony." Counsel did not make or attempt to make an offer of proof regarding the substance of the witnesses' testimony, and the same was not apparent from the context of the discussion between counsel and the trial court. In fact, the above-quoted language is the only indication in the record of the substance of the excluded witnesses' testimony. This is insufficient for either a trial court or an appellate court to evaluate and rule upon the admissibility of the testimony. At best, Tucker's counsel's statements indicate the witnesses would corroborate Tucker's testimony, but even this reading involves a degree of speculation.

## CONCLUSION

While we find that the trial court's policy of limiting witnesses affected Tucker's substantial right of procedural due process, we find that Tucker's failure to make the substance of the excluded witnesses' testimony apparent to the trial court leads us to affirm the decision of the trial court.

AFFIRMED.