GLADYS HABER, APPELLANT AND CROSS-APPELLEE, V.
V & R JOINT VENTURE, A GENERAL PARTNERSHIP,
APPELLEE AND CROSS-APPELLANT.
641 N.W.2d 31
Filed March 29, 2002.   No. S-00-930.

Norman Denenberg for appellant.

Frank Meares for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Gladys Haber filed a declaratory judgment action in the district court for Douglas County. V & R Joint Venture (V&R) filed a cross-petition based on assumpsit. Following trial, the district court found generally in favor of V&R, concluding that Haber had validly assigned proceeds from a personal injury action to V&R in satisfaction of a debt Haber owed V&R. Haber appeals the district court's denial of her motion for new trial. V&R cross-appeals, challenging the district court's denial of its motion for new trial. Because Haber's notice of appeal was filed prior to the complete disposition of V&R's motion for new trial, the notice of appeal was premature and this court lacks appellate jurisdiction. Accordingly, we dismiss the appeal and cross-appeal.

## STATEMENT OF FACTS

Haber was injured in an automobile accident on May 31, 1995. In an unrelated matter, on July 5, 1996, V&R recovered a judgment in the amount of $6,813.88 against Haber and another individual for rent due under a lease. In an effort to satisfy V&R's judgment, Haber signed a document entitled "Assignment," which by its terms assigned to V&R a portion of the proceeds from her personal injury settlement as a result of the May 31, 1995, automobile accident. The assignment provided in pertinent part as follows:

> The undersigned, Gladys Haber, assigns all her right and interest in and to a personal injury action . . . to V&R Joint Venture up to the amount of rent due on the certain lease . . . at the time of settlement. I direct my attorney . . . after deduction of his attorney fee, to pay the then balance due in accordance with the terms of the rental agreement.

V&R notified Metropolitan Property and Casualty Insurance Company and Affiliates (Metropolitan), the insurance carrier handling Haber's personal injury claim, of the assignment. Haber settled her claim with Metropolitan. In 1997, Metropolitan mailed a settlement check to Haber's attorney, made payable to Haber, her attorney, and the attorney for V&R, in the amount of $5,737.46.

On March 2, 1998, Haber filed a declaratory judgment action, seeking a declaration that the assignment in favor of V&R was "void, illegal and a nullity because a tort claim for bodily injury is not assignable." On May 27, V&R filed an "Answer and Cross Petition." V&R's cross-petition sounded in assumpsit "for money had and received in the sum of $5737.46" and other relief.

The matter was tried to the district court on June 19, 2000. In an order filed June 28, the district court concluded that Haber had validly assigned proceeds from the personal injury action to V&R and that the assignment was enforceable. Although V&R was successful in its cross-petition with respect to the money owed, the district court denied the remainder of the relief V&R sought in its cross-petition.

The parties filed cross-motions for new trial which came on for hearing on August 9, 2000. In an order filed August 18, the district court overruled Haber's motion for new trial. In its August 18 order, the district court also overruled a portion of V&R's motion for new trial and set the remainder for hearing on September 27. Thus, in its August 18 order, the district court did not completely dispose of V&R's motion for new trial.

On September 5, 2000, Haber filed her notice of appeal. Thereafter, on September 27, following a hearing, the district court filed its order, finally disposing of all of the issues raised in V&R's new trial motion. No new notice of appeal was filed by either Haber or V&R subsequent to the district court's September 27 order.

## ASSIGNMENTS OF ERROR

In her appeal, Haber assigns as error the district court's conclusion that the assignment of her personal injury cause of action was valid and enforceable. In its cross-appeal, V&R assigns four errors, claiming the district court erred (1) in failing to award attorney fees pursuant to Neb. Rev. Stat. § 25-824 (Reissue 1995),

(2) in failing to assess all costs against Haber, (3) in failing to award V&R prejudgment interest, and (4) in ordering that the check which was the subject of V&R's cross-petition in assumpsit be filed with the clerk of the district court.

## STANDARDS OF REVIEW

Statutory interpretation presents a question of law. *Hunt v. Trackwell*, 262 Neb. 688, 635 N.W.2d 106 (2001); *Hatcher v. Bellevue Vol. Fire Dept.*, 262 Neb. 23, 628 N.W.2d 685 (2001). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *Rodriguez v. Monfort, Inc.*, 262 Neb. 800, 635 N.W.2d 439 (2001).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Wilcox v. City of McCook*, 262 Neb. 696, 634 N.W.2d 486 (2001).

Neb. Rev. Stat. § 25-1912(3) (Cum. Supp. 2000) governs the running of the time for filing a notice of appeal when a motion for new trial has been filed. The statute was amended effective July 13, 2000, and as amended provides, in pertinent part, as follows:

> (3) The running of the time for filing a notice of appeal shall be terminated as to all parties (a) by a timely motion for a new trial under section 25-1144.01 . . . and the full time for appeal fixed in subsection (1) of this section commences to run from the entry of the order ruling upon the motion filed pursuant to subdivision (a) . . . of this subsection. When any motion terminating the time for filing a notice of appeal is timely filed by any party, a notice of appeal filed before the court announces its decision upon the terminating motion shall have no effect, whether filed before or after the timely filing of the terminating motion. A new notice of appeal shall be filed within the prescribed time after the entry of the order ruling on the motion.

In this case, Haber filed a notice of appeal on September 5, 2000, which was prior to the order resolving V&R's terminating motion and was, thus, of no effect. The record shows that in its order filed on August 18, the district court overruled Haber's new trial motion in its entirety and ruled in part and reserved ruling in

part on V&R's motion for new trial. The district court set the hearing on the remainder of V&R's motion for new trial for September 27, upon which date, the district court completely disposed of V&R's motion for new trial. Thus, the district court had not finally disposed of V&R's motion for new trial at the time Haber filed her notice of appeal on September 5.

■ Pursuant to § 25-1912(3), Haber's September 5, 2000, notice of appeal was of "no effect." Further, neither Haber nor V&R filed a new notice of appeal as required by § 25-1912(3), which provides that a "new notice of appeal shall be filed within the prescribed time *after* the entry of the order ruling on the [terminating] motion." (Emphasis supplied.)

This court has previously stated that "[i]t is axiomatic that for an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders." *State ex rel. Fick v. Miller*, 252 Neb. 164, 165, 560 N.W.2d 793, 795 (1997). In this case, the August 18, 2000, order, disposing of one but not both new trial motions, did not entirely dispose of the terminating motion. See § 25-1912(3). The August 18 order was not a final, appealable order.

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *Rodriguez v. Monfort, Inc.*, 262 Neb. 800, 635 N.W.2d 439 (2001). Under a plain reading of § 25-1912(3), Haber's notice of appeal filed on September 5, 2000, before complete disposition of V&R's motion for new trial, was of "no effect." Contrary to § 25-1912(3), neither party filed a new notice of appeal after the district court completely disposed of V&R's new trial motion, and this court did not acquire jurisdiction over the appeal. See *State ex rel. Fick v. Miller, supra.*

## CONCLUSION

The district court's August 18, 2000, order did not completely dispose of V&R's motion for new trial and was not a final, appealable order. Pursuant to § 25-1912(3), Haber's notice of appeal filed September 5 was of "no effect." Contrary to § 25-1912(3), neither Haber nor V&R filed a new notice of appeal following the district court's September 27 order, which completely disposed of V&R's motion for new trial. Because Haber's notice of appeal

534

was premature and no notice of appeal was filed by either party subsequent to the complete resolution of the motions for new trial, this court lacks jurisdiction to entertain the appeal and cross-appeal.

APPEAL DISMISSED.