TODD A. ROBBINS, APPELLANT, V. BEVERLY NETH, DIRECTOR OF
NEBRASKA DEPARTMENT OF MOTOR VEHICLES, APPELLEE.
722 N.W.2d 76

Filed September 26, 2006. No. A-04-835.

David E. Veath for appellant.

Jon Bruning, Attorney General, and Laura L. Neesen for appellee.

INBODY, Chief Judge, and SIEVERS and CARLSON, Judges.

SIEVERS, Judge.

## INTRODUCTION

Todd A. Robbins appeals the decision of the Box Butte County District Court affirming the order of Beverly Neth, director of the Nebraska Department of Motor Vehicles (the Department), which order administratively revoked Robbins' driver's license for 90 days. Robbins contends that error is present because the administrative license revocation (ALR) hearing was not held in the county of his arrest, as required by the Department's rules and regulations. We affirm, because the Legislature repealed the statutory requirement that the ALR hearing be held in the county of arrest, which action supersedes the Department's regulation stating otherwise.

## STATEMENT OF FACTS

On October 26, 2003, Box Butte County Deputy Sheriff Mark Lindburg conducted a traffic stop of a vehicle driven by Robbins. Deputy Lindburg detected the odor of alcohol, and Robbins admitted to having consumed alcohol. Robbins exhibited impairment on a number of field sobriety tests. Deputy Lindburg then arrested Robbins for driving under the influence of alcohol and transported him to a hospital. Robbins submitted to a chemical test, which test indicated he had an alcohol concentration of .112 grams of alcohol per 100 milliliters of blood.

Deputy Lindburg completed the "Notice/Sworn Report/Temporary License" form and forwarded it to the Department, which received the report on November 12, 2003. On November 26, Robbins filed a petition for an administrative hearing. The ALR hearing was held on December 15. The hearing officer, located in Lincoln, Nebraska (Lancaster County), conducted the hearing via telephone. Robbins appeared via telephone from a district court jury room in the courthouse in Alliance, Nebraska (Box Butte County), and Box Butte County Deputy Sheriff Lindburg appeared via telephone from the sheriff's department in Alliance. At the start of the hearing, Robbins' attorney objected to venue and also objected that the hearing was not being conducted by videoconference even though it was technically feasible for the hearing to be conducted in such a manner.

Following the ALR hearing, the hearing officer recommended revocation of Robbins' operating privileges, and Neth, the director of the Department (Director), adopted the recommendation. The Department entered an order revoking Robbins' driver's license for 90 days effective December 13, 2003. Robbins filed an appeal to the Box Butte County District Court, and on January 16, 2004, the Department stayed the revocation of Robbins' driver's license. On July 12, the district court affirmed the Department's order of revocation. Robbins has timely appealed to this court.

## ASSIGNMENTS OF ERROR

On appeal, Robbins contends that the district court erred in affirming the Director's 90-day revocation of his driver's license, because the ALR hearing was not held in the county in which the

arrest occurred and because the ALR hearing was not conducted by videoconference, when conducting the hearing in such a manner was technically feasible.

## STANDARD OF REVIEW

■ A final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Miller v. Horton*, 253 Neb. 1009, 574 N.W.2d 112 (1998); *Bender v. Department of Motor Vehicles*, 8 Neb. App. 290, 593 N.W.2d 27 (1999). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Miller, supra.*

■ Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *In re Application of Lincoln Electric System*, 265 Neb. 70, 655 N.W.2d 363 (2003).

■ Interpretation of statutes presents a question of law, and an appellate court is obligated to reach an independent conclusion, irrespective of the decision made by the court below. *Davis v. Wimes*, 263 Neb. 504, 641 N.W.2d 37 (2002).

## ANALYSIS

*Venue for ALR Hearing.*

Robbins contends that his ALR hearing, held on December 15, 2003, was conducted in violation of 247 Neb. Admin. Code, ch. 1, § 022.01 (2001), which at the time of the hearing provided that such "[h]earings shall be held either by telephone, in person, or by video conference if technically feasible at the discretion of the Director, in the county in which the arrest occurred. The parties may agree to another venue."

■ The language in the Department's foregoing rule and regulation reflected the language of Neb. Rev. Stat. § 60-6,205(6)(a) (Cum. Supp. 2002), which previously required that an ALR hearing "shall be conducted in the county in which the arrest occurred or in any other county agreed to by the parties." In

*Gracey v. Zwonechek*, 263 Neb. 796, 800, 643 N.W.2d 381, 385 (2002), the Nebraska Supreme Court held that "for purposes of § 60-6,205(6)(a), the hearing is held at the location of the hearing officer." Thus, in this case, the hearing was held in Lincoln because that was the location of the hearing officer.

■ Section 60-6,205 was transferred to Neb. Rev. Stat. § 60-498.01 (Supp. 2003) operative October 1, 2003, and subsection (6)(a) was amended to provide that "[t]he hearing and any prehearing conference may be conducted in person or by telephone, television, or other electronic means at the discretion of the director, and all parties may participate by such means at the discretion of the director." The language requiring that the hearing be conducted in the county where the arrest occurred was removed from the statute by the Legislature. Thus, at the time of Robbins' December 15, 2003, ALR hearing, the applicable statute did not require the hearing to be conducted in the county in which the arrest occurred, but the Department's rules and regulations still contained such requirement. Robbins argues that the Department was bound to follow its own rule and that thus, venue for his hearing was improper, requiring reversal of the revocation of his driver's license. The following authority at first blush appears to support Robbins' position and is relied upon by the dissent:

> Properly adopted and filed agency regulations have the effect of statutory law. . . . Regulations bind the agency that promulgated them just as they bind individual citizens, even if the adoption of the regulations was discretionary. . . . Regulations governing procedure are just as binding upon both the agency which enacts them and the public, "and the agency does not, as a general rule, have the discretion to waive, suspend, or disregard, in a particular case, a validly adopted rule so long as such rule remains in force." . . . "To be valid, the action of the agency must conform to its rules which are in effect at the time the action is taken . . . ."

(Citations omitted.) *Schmidt v. State*, 255 Neb. 551, 559, 586 N.W.2d 148, 153-54 (1998). While we cannot disagree with these broad general principles, they do not determine the issue presented in this case. With all due respect, we see the issue

before us differently than does our dissenting colleague. We believe the issue here is whether an administrative regulation has any continuing effect when its statutory underpinning has been explicitly removed by the Legislature. If the Legislature had not expressly spoken on the subject by, in effect, repealing the statutory provision that ALR hearings be held in the county of arrest, we would likely agree with the view taken by the dissent. But, the fact of the matter is that the Legislature has said, by its amendment to the statute, that the hearing need not be in the county of arrest. And, as discussed below, such fact determines the outcome of this appeal.

 "There is no doubt that the Legislature can delegate to an administrative agency the power to make rules and regulations to implement the policy of a statute." *State ex rel. Spire v. Stodola*, 228 Neb. 107, 109, 421 N.W.2d 436, 438 (1988). In order to be valid, a rule or regulation must be consistent with the statute under which the rule or regulation is promulgated. *Robotham v. State*, 241 Neb. 379, 488 N.W.2d 533 (1992). Where an amendment to a statute makes a procedural change, it is binding upon a tribunal on the effective date of the amendment and is applicable to pending cases. *Stansbury v. HEP, Inc.*, 248 Neb. 706, 539 N.W.2d 28 (1995).

In *Stansbury, supra*, the Supreme Court dealt with the Workers' Compensation Court's application of rules promulgated for "transitional cases" where the former statute for determining a vocational rehabilitation plan and determining loss of earning power had been replaced with a new and different statute which was effective a month before the trial. The *Stansbury* court found that the compensation court should have used the new statute and also addressed the attempt by the compensation court to adopt rules providing for different treatment of "transitional cases" than that provided for in the new statute. We quote the *Stansbury* court's opinion at some length as follows:

> The second reason HEP urges that the new statute does not apply to this case is that the compensation court promulgated rules evidencing an intention that "transitional" cases be governed by the old statutory framework. HEP cites to Workers' Comp. Ct. R. of Proc. 42E (1995), which provides: "If an employer received notice of injury before

January 1, 1994, the employee may continue to receive vocational rehabilitation services from the vocational rehabilitation counselor selected prior to that date." *Irrespective of whether this rule evidences an intent on the part of the compensation court to treat transitional cases differently, the legal reality is that while the compensation court is entitled to adopt and promulgate rules necessary for carrying out the intent of the Nebraska Workers' Compensation Act,* see Neb. Rev. Stat. § 48-163 (Reissue 1993), *the rules cannot modify, alter, or enlarge provisions of a statute entrusted to its administration,* see, *Clemens v. Harvey,* 247 Neb. 77, 525 N.W.2d 185 (1994); *State ex rel. Spire v. Stodola,* 228 Neb. 107, 421 N.W.2d 436 (1988); *Beatrice Manor v. Department of Health,* 219 Neb. 141, 362 N.W.2d 45 (1985). In short, the compensation court does not have the power to determine when statutes will apply and when their application will be stayed.

Where an amendment to a statute makes a procedural change, it is binding upon a tribunal on the effective date of the amendment and is applicable to pending cases that have not been tried. *Behrens v. American Stores Packing Co.,* 236 Neb. 279, 460 N.W.2d 671 (1990); *Behrens v. American Stores Packing Co.,* 228 Neb. 18, 421 N.W.2d 12 (1988); *Oviatt v. Archbishop Bergan Mercy Hospital,* 191 Neb. 224, 214 N.W.2d 490 (1974). See *Allen v. IBP, Inc.,* 219 Neb. 424, 363 N.W.2d 520 (1985). As the amendments to the statute in question were procedural in nature, the new statute was applicable to this case . . . .

(Emphasis supplied.) *Stansbury,* 248 Neb. at 712-13, 539 N.W.2d at 34-35.

Applying the principles of law we have outlined in our analysis, we find that the Legislature's amendment of the statute that removed the requirement that the ALR hearing take place in the county of arrest, which amendment was effective 26 days prior to Robbins' arrest, controls over the Department's rule to the contrary. Any other result would make the Department's rulemaking authority superior to the Legislature's authority, which it clearly is not—particularly in this instance, where the Legislature has expressly spoken prior to Robbins' arrest by its amendment of

the underlying statute to say that the ALR hearing need not be held in the county of arrest. In short, Robbins was not denied any right guaranteed by law, since the procedure he claims to be due was no longer effective at the time of his arrest because of the Legislature's action. The problem was not that Robbins was denied a procedural right, but, rather, that the Department was remiss in not amending its rules and regulations to conform to the Legislature's mandate. But that does not equate to reversible error. In short, the Department's failure to conform to the Legislature's mandate provides no basis for a finding that Robbins' driver's license revocation is invalid on grounds of improper venue, because the venue was proper under the then-effective Legislative pronouncement.

*Entitlement to Hearing by Videoconference.*
Robbins' final assignment of error is that his ALR hearing was not conducted by videoconference, when conducting the hearing in such manner was technically feasible. Neb. Rev. Stat. § 84-913.03 (Cum. Supp. 2004) provides:

> The hearing officer may conduct all or part of the pre-hearing conference and the hearing by telephone, television, or other electronic means if each participant in the conference or hearing has an opportunity to participate in, to hear, and, if technically feasible, to see the entire proceeding while it is taking place.

The statute uses the word "may," rather than the word "shall," with respect to holding the hearing by videoconference.

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *Haber v. V & R Joint Venture*, 263 Neb. 529, 641 N.W.2d 31 (2002). There is no universal test by which directory provisions of a statute may be distinguished from mandatory provisions. *Sedlak Aerial Spray v. Miller*, 251 Neb. 45, 555 N.W.2d 32 (1996); *State ex rel. Grape v. Zach*, 247 Neb. 29, 524 N.W.2d 788 (1994). Generally, the word "may" when used in a statute will be given its ordinary, permissive, and discretionary meaning unless it would manifestly defeat the statutory objective. *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002). Further, as a general rule, in the construction of statutes, the word "shall" is

considered mandatory and inconsistent with the idea of discretion. *State v. $1,947*, 255 Neb. 290, 583 N.W.2d 611 (1998); *State ex rel. Shepherd v. Neb. Equal Opp. Comm.*, 251 Neb. 517, 557 N.W.2d 684 (1997); *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996). However, while the word "shall" may render a particular statutory provision mandatory in character, when the spirit and purpose of the legislation require that the word "shall" be construed as permissive rather than mandatory, such will be done. *State ex rel. Shepherd, supra*; *In re Interest of Brandy M. et al., supra.*

Accordingly, keeping in mind the aforementioned well-established tools of statutory interpretation, the statute at hand is clearly permissive with respect to whether a videoconference is conducted. Further, while Robbins objected to the hearing's not being conducted via a videoconference, there is no showing of any particularized need for a videoconference hearing such that we could say that there was an abuse of the hearing officer's discretion in denying what is a permissive method of holding the hearing. This assignment of error is without merit.

## CONCLUSION

Accordingly, we affirm the district court's affirmance of the Department's revocation of Robbins' driver's license.

AFFIRMED.

INBODY, Chief Judge, dissenting.

I must respectfully dissent from the majority's opinion, since Robbins' hearing was invalid because it was not held in accordance with the Department's rules and regulations for the reason that the hearing officer was located in a county other than where the arrest occurred.

The majority relies upon the proposition of law that in order to be valid, a rule or regulation must be consistent with the statute under which the rule or regulation is promulgated. *Robotham v. State*, 241 Neb. 379, 488 N.W.2d 533 (1992). However, rather than bolstering the majority's opinion, this proposition simply reaffirms my position. If the statute prohibited an ALR hearing from being held in the county in which the arrest occurred and the Department's rules made such a requirement, then I would agree with the majority that the Department's rule was inconsistent with

the statute, and in that circumstance, clearly the statute would invalidate the Department's rule. However, that is not the case here.

At the time of Robbins' December 15, 2003, ALR hearing, the Department's rule provided: "Hearings shall be held either by telephone, in person, or by video conference if technically feasible at the discretion of the Director, in the county in which the arrest occurred. The parties may agree to another venue." 247 Neb. Admin. Code, ch. 1, § 022.01 (2001). The statute in effect at that time provided: "The hearing and any prehearing conference may be conducted in person or by telephone, television, or other electronic means at the discretion of the director, and all parties may participate by such means at the discretion of the director." Neb. Rev. Stat. § 60-498.01(6)(a) (Supp. 2003). Thus, at the time of Robbins' December 15 hearing, the applicable statute did not require the hearing to be conducted in the county in which the arrest occurred, but the Department's rules and regulations did so require.

Clearly, the language contained in the Department's rule requiring the ALR hearing to be held in the county in which the arrest occurred is consistent with the language of the statute in effect at that time, even though the statute did not contain the same language. The statute does not prohibit a hearing's being held in the county in which the arrest occurred. The Department's rule requiring the ALR hearing to be held in the county in which the arrest occurred was an additional requirement that the Department imposed on itself, which requirement is not inconsistent with the statute.

I find that the following proposition of law is applicable to this case:

> Properly adopted and filed agency regulations have the effect of statutory law. . . . Regulations bind the agency that promulgated them just as they bind individual citizens, even if the adoption of the regulations was discretionary. . . . Regulations governing procedure are just as binding upon both the agency which enacts them and the public, "and the agency does not, as a general rule, have the discretion to waive, suspend, or disregard, in a particular case, a validly adopted rule so long as such rule remains in force." . . . "To

be valid, the action of the agency must conform to its rules which are in effect at the time the action is taken . . . ." (Citations omitted.) *Schmidt v. State*, 255 Neb. 551, 559, 586 N.W.2d 148, 153-54 (1998).

The Department properly adopted and filed the regulation requiring that an ALR hearing take place in the county in which the arrest occurred, and such regulation has the effect of statutory law. The hearing officer in the instant case was located in Lincoln, Nebraska, within Lancaster County, and the county of arrest was Box Butte County. Since a "hearing is held at the location of the hearing officer," *Gracey v. Zwonechek*, 263 Neb. 796, 800, 643 N.W.2d 381, 385 (2002), Robbins' ALR hearing was not held in accordance with the Department's rules and regulations, because the hearing officer was located in a county other than where the arrest occurred. Thus, I would reverse the decision of the district court and remand this cause with directions to remand Robbins' case to the Department with directions to vacate the order of revocation. Because of this determination, I would not proceed to consider Robbins' remaining assignment of error.