Todd A. Robbins, appellant, v. Beverly Neth,
director of Nebraska Department of
Motor Vehicles, appellee.

728 N.W.2d 109

Filed March 2, 2007.    No. S-04-835.

David E. Veath for appellant.

Jon Bruning, Attorney General, Milissa Johnson-Wiles, and Laura L. Neesen for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Beverly Neth, director of the Nebraska Department of Motor Vehicles (the Department), administratively revoked Todd A. Robbins' driver's license for 90 days. The Box Butte County District Court affirmed the order. Robbins appealed to the Nebraska Court of Appeals. Robbins asserted that the revocation was not valid because the administrative license revocation (ALR) hearing was not held in the county where his arrest had occurred, as required by the Department's rules and regulations then in effect. The Court of Appeals rejected Robbins' claim. The Court of Appeals noted that the Legislature had recently repealed the statutory requirement that the ALR hearing be held in the county of arrest and therefore reasoned that such legislative action superseded the Department's regulation which continued to require that the ALR hearing be conducted in the county of the arrest. The Court of Appeals affirmed the district court's affirmance of the revocation order. *Robbins v. Neth*, 15 Neb. App. 67, 722 N.W.2d 76 (2006). Robbins petitioned for further review. We granted Robbins' petition. We conclude that the Department's regulation was not inconsistent with the relevant amended statute and that the regulation requiring the hearing be conducted in the county of arrest remained in effect at the time of Robbins' ALR hearing. Because the ALR hearing was not conducted in the county of arrest, it was not validly conducted. Accordingly, we reverse the decision of the Court of Appeals and remand the cause to the Court of Appeals with directions.

## STATEMENT OF FACTS

In its opinion, the Court of Appeals described the facts of this case as follows:

> On October 26, 2003, Box Butte County Deputy Sheriff Mark Lindburg conducted a traffic stop of a vehicle driven by Robbins. Deputy Lindburg detected the odor of alcohol, and Robbins admitted to having consumed alcohol. Robbins exhibited impairment on a number of field sobriety tests. Deputy Lindburg then arrested Robbins for driving under

the influence of alcohol and transported him to a hospital. Robbins submitted to a chemical test, which test indicated he had an alcohol concentration of .112 grams of alcohol per 100 milliliters of blood.

Deputy Lindburg completed the "Notice/Sworn Report/ Temporary License" form and forwarded it to the Department, which received the report on November 12, 2003. On November 26, Robbins filed a petition for an administrative hearing. The ALR hearing was held on December 15. The hearing officer, located in Lincoln, Nebraska (Lancaster County), conducted the hearing via telephone. Robbins appeared via telephone from a district court jury room in the courthouse in Alliance, Nebraska (Box Butte County), and Box Butte County Deputy Sheriff Lindburg appeared via telephone from the sheriff's department in Alliance. At the start of the hearing, Robbins' attorney objected to venue and also objected that the hearing was not being conducted by videoconference even though it was technically feasible for the hearing to be conducted in such a manner.

Following the ALR hearing, the hearing officer recommended revocation of Robbins' operating privileges, and Neth . . . adopted the recommendation. The Department entered an order revoking Robbins' driver's license for 90 days effective December 13, 2003. Robbins filed an appeal to the Box Butte County District Court, and on January 16, 2004, the Department stayed the revocation of Robbins' driver's license. On July 12, the district court affirmed the Department's order of revocation.

*Robbins v. Neth*, 15 Neb. App. at 69, 722 N.W.2d at 80.

Robbins appealed to the Court of Appeals. Relying on the Department's rules and regulations, Robbins asserted that the district court erred in affirming the revocation because, contrary to the rules and regulations, the ALR hearing was not held in the county in which the arrest had occurred and because the ALR hearing had not been conducted by videoconference when conducting the hearing in such a manner was technically feasible. In its opinion, the Court of Appeals noted that at the time of Robbins' ALR hearing on December 15, 2003, the Department's regulations provided that the hearing be held in the county in

which the arrest had occurred, despite the fact that the statute that had previously required that the hearing be conducted in the county of arrest had been amended to remove such requirement operative October 1, 2003. The Court of Appeals reasoned that the Legislature's amendment of the statute removing the requirement that the hearing be conducted in the county of arrest eclipsed the Department's rule which continued to require that the hearing be conducted in the county of arrest. The Court of Appeals therefore concluded that the failure to hold the hearing in the county in which the arrest had occurred did not make the revocation invalid on the ground of improper venue. The Court of Appeals further concluded that statutory language regarding videoconferencing was permissive and that Robbins had not shown a particularized need for a videoconference hearing. The Court of Appeals therefore rejected Robbins' assignments of error and affirmed the district court's affirmance of the Department's revocation of Robbins' driver's license.

One judge of the three-judge Court of Appeals panel dissented on the basis that "Robbins' hearing was invalid because it was not held in accordance with the Department's rules and regulations for the reason that the hearing officer was located in a county other than where the arrest occurred." *Robbins v. Neth*, 15 Neb. App. 67, 75, 722 N.W.2d 76, 84 (2006) (Inbody, Chief Judge, dissenting). The dissent noted that the statute in effect at the time of Robbins' ALR hearing did not require that the hearing be held in the county where the arrest had occurred and that the statute did not prohibit a requirement that the hearing be held in the county of arrest. The dissent reasoned that the requirement that the Department continued to impose on itself through its regulation was not prohibited or inconsistent with the relevant amended statute and that, therefore, the regulation remained in effect.

Robbins petitioned for further review. We granted Robbins' petition.

## ASSIGNMENT OF ERROR

Robbins asserts that the Court of Appeals erred as a matter of law in affirming the district court's affirmance of the revocation of his license and, specifically, erred in concluding that the repeal of the statutory requirement superseded the Department's regulation.

The Court of Appeals' decision on the purported failure to conduct the ALR hearing by videoconference is not assigned as error. We comment on videoconferencing only incidentally as relevant to our consideration of Robbins' assigned error.

## STANDARDS OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Kenley v. Neth*, 271 Neb. 402, 712 N.W.2d 251 (2006). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Id.*

## ANALYSIS

Robbins argues on further review that the Court of Appeals erred as a matter of law in affirming the district court's affirmance of the revocation of his license and, specifically, in concluding that the repeal of the statutory provision which had required that the ALR hearing be conducted in the county of arrest superseded the Department's regulation which continued to impose such requirement. We conclude that the Department's regulation requiring that a hearing be held in the county where the arrest had occurred is not inconsistent with the relevant statutes as amended. Therefore, at the time of Robbins' ALR hearing, the Department was required to hold the hearing in Box Butte County, where Robbins had been arrested. Because the Department failed to do so, we conclude that the district court erred in affirming the revocation of Robbins' license and that the Court of Appeals erred in affirming the district court's order.

It is well established that the Legislature has power to authorize an administrative or executive department to make rules and regulations to carry out an expressed legislative purpose, or for the complete operation and enforcement of a law within designated limitations. *Schumacher v. Johanns*, 272 Neb.

346, 722 N.W.2d 37 (2006). Within the Motor Vehicle Operator's License Act, Neb. Rev. Stat. §§ 60-462 to 60-4,188 (Reissue 1998, Cum. Supp. 2002 & Supp. 2003), the Legislature, at § 60-498.01, required the director of the Department of Motor Vehicles to revoke the operator's license of any person who has been convicted of certain offenses. Under § 60-498.01, a person whose license has been revoked is entitled to a hearing before the director. In § 60-498.01(7), the Legislature authorized the director to "adopt and promulgate rules and regulations to govern the conduct of the hearing and insure that the hearing will proceed in an orderly manner." Prior to being transferred to § 60-498.01 operative October 1, 2003, the same authority existed under Neb. Rev. Stat. § 60-6,205(7) (Cum. Supp. 2002).

Pursuant to statutory authority, the Department adopted 247 Neb. Admin. Code, ch. 1, § 022.01 (2001), which provided that revocation "[h]earings shall be held either by telephone, in person, or by video conference if technically feasible at the discretion of the Director, in the county in which the arrest occurred. The parties may agree to another venue." The language of the rule reflected the language of § 60-6,205(6)(a) (Cum. Supp. 2002), which until October 1, 2003, required that a revocation hearing "shall be conducted in the county in which the arrest occurred or in any other county agreed to by the parties." The Legislature transferred § 60-6,205 to § 60-498.01 operative October 1, 2003, and amended subsection (6)(a) by removing the requirement that the ALR hearing be conducted in the county of arrest and in its place provided that "[t]he hearing and any prehearing conference may be conducted in person or by telephone, television, or other electronic means at the discretion of the director, and all parties may participate by such means at the discretion of the director."

Thus, at the time that Robbins' ALR hearing was held on December 15, 2003, the new § 60-498.01(6)(a) was in effect, and such statute did not require that the hearing be conducted in the county in which the arrest had occurred. However, the Department had not amended its rules and regulations in response to the statutory change, and 247 Neb. Admin. Code, ch. 1, § 022.01, which required that the hearing be held in the county in which the arrest had occurred, was still in effect on December 15, 2003.

■ Agency regulations properly adopted and filed with the Secretary of State of Nebraska have the effect of statutory law. *State v. Grosshans*, 270 Neb. 660, 707 N.W.2d 405 (2005). Regulations bind the agency that promulgated them just as they bind individual citizens, even if the adoption of the regulations was discretionary. *Schmidt v. State*, 255 Neb. 551, 586 N.W.2d 148 (1998). Regulations governing procedure are just as binding upon both the agency which enacts them and the public, and the agency does not, as a general rule, have the discretion to waive, suspend, or disregard, in a particular case, a validly adopted rule so long as such rule remains in force. *Id.* To be valid, an action of an agency must conform to its rules which are in effect at the time the action is taken. *Id.* Therefore, to the extent 247 Neb. Admin. Code, ch. 1, § 022.01, was a valid regulation at the time of Robbins' ALR hearing on December 15, 2003, the Department was required to conform to the regulation in order for any action taken at the hearing to be valid.

■ We have stated that in order to be valid, a rule or regulation must be consistent with the statute under which the rule or regulation is promulgated. *City of Omaha v. Kum & Go*, 263 Neb. 724, 642 N.W.2d 154 (2002). The Department's requirement in 247 Neb. Admin. Code, ch. 1, § 022.01, that the hearing be held in the county where the arrest had occurred, was clearly valid prior to October 1, 2003, because the language of the regulation followed the language of § 60-6,205(6)(a). The question before us, however, is whether 247 Neb. Admin. Code, ch. 1, § 022.01, continued to be valid after the Legislature moved § 60-6,205 to § 60-498.01 and removed the requirement that the hearing be held in the county in which the arrest had occurred, and instead was silent on venue and required merely that the hearing "may be conducted in person or by telephone, television, or other electronic means at the discretion of the director, and all parties may participate by such means at the discretion of the director."

Having considered the language of § 60-498.01 and 247 Neb. Admin. Code, ch. 1, § 022.01, we determine that after the statutory amendment, the Department's regulation was still consistent with statutory authority and that therefore, the regulation was valid and the Department was required to conform to the regulation. In 2003, the Legislature removed the statutory requirement

that the hearing be held in the county in which the arrest had occurred. Thus, the amended statute, § 60-498.01, was silent on venue and, we further observe, did not prohibit the Department from requiring that the hearing be held in such county. The Legislature merely provided for the means by which a hearing could be conducted and by which parties could participate.

Because the Legislature did not mandate a location for the hearing and did not prohibit the hearing from being held in the county where the arrest occurred, the Department, pursuant to its rulemaking authority under § 60-498.01(7), was still authorized to require by its rules and regulations that the hearing be held in the county where the arrest had occurred. Such rules and regulations were not inconsistent with the relevant amended statute.

Although we agree with the Court of Appeals that legislative intent manifested by statute controls over an agency rule to the contrary, we do not read the legislative amendment in this case as a mandate prohibiting the Department from requiring hearings to be held in the county of arrest. The Court of Appeals incorrectly concluded that such legislative "mandate" prohibited the continued validity of the Department's regulation which required that the hearing be conducted in the county of arrest.

Although the statutory amendment operative October 1, 2003, allowed the Department to remove the requirement from its rules and regulations, the Department had not done so at the time of Robbins' ALR hearing on December 15, 2003. The Department was required to conform to its own rules and regulations in effect at the time of Robbins' hearing, see *Schmidt v. State*, 255 Neb. 551, 586 N.W.2d 148 (1998), and the Department was therefore required under 247 Neb. Admin. Code, ch. 1, § 022.01, to hold the hearing in Box Butte County, where Robbins' arrest had occurred. We have held that for statutory purposes, an ALR hearing is held at the location of the hearing officer. *Gracey v. Zwonechek*, 263 Neb. 796, 643 N.W.2d 381 (2002). Likewise, for purposes of 247 Neb. Admin. Code, ch. 1, § 022.01, the hearing is held at the location of the hearing officer. The record in the present case indicates that the hearing officer was located in Lancaster County rather than Box Butte County. Because the Department did not conform to its own regulation in effect at the time of the hearing, the revocation made at the hearing was not

valid. The affirmances of the revocation order by the lower courts were in error.

## CONCLUSION

We determine that the Department's regulation requiring that the hearing be held in the county where the arrest had occurred was not inconsistent with the relevant statute and that the Department was therefore required to follow its own regulation. We conclude that the Court of Appeals erred in determining that the Department did not err when it failed to hold Robbins' hearing in the county where the arrest had occurred and that the Court of Appeals therefore erred in affirming the district court's affirmance of the Department's revocation of Robbins' driver's license. We reverse the decision of the Court of Appeals, and remand the cause to the Court of Appeals with directions to remand the cause to the district court with directions to remand the matter to the Department with directions to vacate the order of revocation.

REVERSED AND REMANDED WITH DIRECTIONS.