Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/03/2023 12:05 AM CST

William P., appellee, v.
Jamie P., appellant.
___ N.W.2d ___

Filed January 27, 2023.    No. S-22-199.

1. **Protection Orders: Appeal and Error.** Ordinarily, the grant or denial of a protection order is reviewed de novo on the record. In such de novo review, an appellate court reaches conclusions independent of the factual findings of the trial court. However, where the credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the circumstances that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another.

2. **Records: Appeal and Error.** The responsibility for filing a bill of exceptions for appellate review rests with the appellant.

3. **Records: Pleadings: Appeal and Error.** When there is no bill of exceptions, an appellate court examines and considers only the pleadings in conjunction with the judgment reviewed.

4. **Judgments: Records: Presumptions: Evidence: Appeal and Error.** In the absence of a record of the evidence considered by the court, it is presumed on appeal that the evidence supports the trial court's orders and judgment.

5. **Police Officers and Sheriffs: Service of Process: Presumptions.** A sheriff's return of service is presumed to be correct.

6. **Public Officers and Employees: Presumptions.** In the absence of evidence to the contrary, it may be presumed that public officers faithfully performed their official duties and that absent evidence showing misconduct or disregard of law, the regularity of official acts is presumed.

7. **Police Officers and Sheriffs: Service of Process: Proof.** An officer's return on a summons is prima facie proof of the service therein indicated.

8. **Records: Proof: Appeal and Error.** In appellate proceedings, unless there is proof to the contrary, a duly authenticated record of the trial court imports absolute verity.
9. **Records: Evidence: Appeal and Error.** Offering of a bill of exceptions is necessary if the appellate court is to consider errors assigned by the appellant which require a review of the evidence that was received by the tribunal from which the appeal is taken.
10. **Records: Evidence: Notice: Appeal and Error.** An appellant may not successfully assert that the evidence was insufficient to support a lower court's order when the record on appeal affirmatively demonstrates that sufficient evidence was considered by the lower court, with notice to and without objection by the appellant.

Appeal from the District Court for Douglas County: Stephanie R. Hansen, Judge. Affirmed.

Jamie P., pro se.

Michael W. Milone, Benjamin L. Bramblett, and Emily Fehringer, Senior Certified Law Student, of Koukol, Johnson & Schmit, L.L.C., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## NATURE OF CASE

The district court for Douglas County entered a domestic abuse protection order against appellant, Jamie P., in favor of her father, William P., following a hearing at which Jamie did not appear. Jamie appeals. In the absence of a bill of exceptions, on the limited record presented, we presume that the uncontradicted sheriff's return of service on Jamie is accurate, and the evidence adduced before the district court to which reference was made in the court's order was sufficient to support the issuance of the domestic abuse protection order. We affirm.

STATEMENT OF FACTS

On February 15, 2022, William filed a petition and affidavit to obtain a domestic abuse protection order pursuant to Neb. Rev. Stat. § 42-924 (Cum. Supp. 2022). The petition and affidavit concerned his daughter, Jamie, who was then 38 years old and resided at his address. The petition stated that William was a victim of domestic abuse, and on the handwritten affidavit on the provided form, William alleged that on February 15, 2022, he

> [a]sked police (911) to come to home and remove daughter from house. Verbally abusive and refusing to leave at officers request. Officers recorded encounter. Accusing of giving out false information, conspiring against her in custody issues, keeping her from her children (2 are adults, and one is in foster care, [d]oesn't acknowledge son is in foster care in Kansas due to issues of neglect. Claiming our residence is "partially" hers. (On tape of responding officers.)

William also alleged that similar incidents had occurred on other, unspecified dates.

On the same day, the district court entered an order to show cause and ordered that a copy of the order and petition be served on Jamie. The district court set a hearing for February 24, 2022. A return of service shows that the sheriff attempted service and left a "card" on February 16, and later recorded successful personal service on Jamie at the parties' shared home on February 22.

Jamie did not appear at the show cause hearing. The district court entered a domestic abuse protection order against her on February 24, 2022, under Neb. Rev. Stat. § 42-925 (Cum. Supp. 2022). The order states that the order was based on "[e]vidence . . . adduced."

Jamie appeals. Jamie filed appellate motions for leave to file a praecipe for bill of exceptions out of time, which were overruled. Thus, although we have a transcript, we do not have the

benefit of a bill of exceptions of the evidence received at the hearing to show cause. The record is created by the trial court and cannot be compiled by the appellate courts.

## ASSIGNMENTS OF ERROR

Jamie asks, summarized and restated, that this court reverse the domestic abuse protection order because she claims she was not properly served and because the evidence to support the order was not sufficient.

## STANDARDS OF REVIEW

[1] Ordinarily, the grant or denial of a protection order is reviewed de novo on the record. *Robert M. on behalf of Bella O. v. Danielle O.*, 303 Neb. 268, 928 N.W.2d 407 (2019). In such de novo review, an appellate court reaches conclusions independent of the factual findings of the trial court. *Id*. However, where the credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the circumstances that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Id*.

[2-4] In this case, no bill of exceptions was properly filed in this appeal. The responsibility for filing a bill of exceptions for appellate review rests with the appellant. See Neb. Rev. Stat. § 25-1140 (Reissue 2016). When there is no bill of exceptions, we examine and consider only the pleadings in conjunction with the judgment reviewed. See *Rosberg v. Rosberg*, 25 Neb. App. 856, 916 N.W.2d 62 (2018) (citing *Murphy v. Murphy*, 237 Neb. 406, 466 N.W.2d 87 (1991)). In the absence of a record of the evidence considered by the court, it is presumed on appeal that the evidence supports the trial court's orders and judgment. See *In re Estate of Baer*, 273 Neb. 969, 735 N.W.2d 394 (2007).

## ANALYSIS

As set forth above, we address the two errors argued by Jamie, to wit: (1) the district court erred when it held a show

cause hearing for which Jamie claims she did not receive notice, and (2) the district court erred when it found that William was entitled to a domestic abuse protection order.

## Service of Process.

Jamie first argues that the show cause hearing was improper because she claims she was not served with prior notice. On the record presented, we reject this argument.

[5-8] It is well-established that a sheriff's return of service is presumed to be correct. See *State v. County of Kimball*, 164 Neb. 479, 82 N.W.2d 854 (1957). In the absence of evidence to the contrary, it may be presumed that public officers faithfully performed their official duties and that absent evidence showing misconduct or disregard of law, the regularity of official acts is presumed. *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001). An officer's return on a summons is prima facie proof of the service therein indicated. *State v. County of Kimball, supra*. In appellate proceedings, unless there is proof to the contrary, a duly authenticated record of the trial court imports absolute verity. *Ginger Cove Common Area Co. v. Wiekhorst*, 296 Neb. 416, 893 N.W.2d 467 (2017).

The transcript in this case contains a return of service that shows the sheriff recorded personal service on Jamie at the parties' shared home and served her with, inter alia, the complaint for domestic abuse protection order and the order to show cause which set the hearing date. Absent any evidence before us to support Jamie's claim to the contrary, we presume this return of service in the trial court record is accurate. Accordingly, this assignment of error is without merit.

## Sufficiency of Evidence for Domestic Abuse Protection Order.

[9,10] As we noted above, Jamie did not file a bill of exceptions in this appeal. It is incumbent upon the appellant to present a record supporting the errors assigned. *Rodriguez v. Surgical Assocs.*, 298 Neb. 573, 905 N.W.2d 247 (2018).

In the absence of a complete bill of exceptions, an appellate court presumes that the issues of fact in the order of the trial court were supported by the evidence and were correctly determined. See *Stewart v. Heineman*, 296 Neb. 262, 892 N.W.2d 542 (2017); *In re Estate of Baer, supra*. Offering of a bill of exceptions is necessary if the appellate court is to consider errors assigned by the appellant which require a review of the evidence that was received by the tribunal from which the appeal is taken. *Stewart v. Heineman, supra*. An appellant may not successfully assert that the evidence was insufficient to support a lower court's order when the record on appeal affirmatively demonstrates that sufficient evidence was considered by the lower court, with notice to and without objection by the appellant. *Id*.

Turning to the transcript which this court has received, William filed a petition and an affidavit to obtain a domestic abuse protection order against Jamie on the form petition provided to him. The order of the district court states that at the hearing to show cause, "[e]vidence [was] adduced," and the court found that William was entitled to a protection order. We therefore understand that, in addition to the petition and affidavit, the district court considered evidence. Echoing the elements of domestic abuse, as "abuse" is defined by Neb. Rev. Stat. § 42-903(1) (Cum. Supp. 2022), the district court's order states that it found William had shown that Jamie attempted to cause, or intentionally, knowingly, or recklessly caused, bodily injury to William; Jamie, by means of a credible threat, placed William in fear of bodily injury; or Jamie engaged in sexual contact or sexual penetration without consent as defined by Neb. Rev. Stat. § 28-318 (Cum. Supp. 2022).

Although we lack a record of the evidence adduced and considered by the district court, we are required to presume that this evidence supports the district court's order granting

a protection order against Jamie. See *Stewart v. Heineman, supra.* Accordingly, this assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, we conclude that the district court did not err when it granted a domestic abuse protection order. We affirm.

Affirmed.