IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

ST. THOMAS GROUP V. CITY OF OMAHA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ST. THOMAS GROUP, INC., APPELLANT,

V.

CITY OF OMAHA, APPELLEE.

Filed April 30, 2024.    No. A-23-680.

Appeal from the District Court for Douglas County: HORACIO J. WHEELOCK, Judge. Affirmed.

Thomas C. Dorwart for appellant.

Tyler E. Hiipakka, Assistant Omaha City Attorney, for appellee.

PIRTLE, Chief Judge, and RIEDMANN and BISHOP, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

St. Thomas Group, Inc., appeals from an order of the district court for Douglas County dissolving the temporary restraining order (TRO) that prevented demolition of its property and dismissing its complaint against the City of Omaha (the City) with prejudice. Based on the reasons that follow, we affirm.

## BACKGROUND

The City issued a notice of property violations to St. Thomas Group in July 2017, pertaining to a home it owned in Omaha, Nebraska. The notice included 22 violations and noted that electrical, plumbing, and mechanical permits would likely need to be obtained to complete the work.

- 1 -

On May 17, 2022, the City issued a demolition order for the structure on the subject property in accordance with Omaha Municipal Code § 48-71. The order was issued because none of the repairs listed in the 2017 notice of violations had been made and none of the required permits had passed inspection. The property remained in an unlawful and dangerous condition. The demolition order demanded that St. Thomas Group demolish the property by June 16, 2022. The order also warned St. Thomas Group that if it failed to demolish the structure, the City would cause the structure to be demolished at St. Thomas Group's expense.

On February 16, 2023, St. Thomas Group filed a complaint against the City seeking a permanent restraining order preventing the City from demolishing the property. On May 9, St. Thomas Group filed a verified motion and affidavit for ex parte temporary restraining order, asking the court to enter a TRO. On the same date, the court entered a TRO prohibiting the City from demolishing the property. The court set an evidentiary hearing date on the TRO for June 26, 2023.

Prior to the hearing date, the City filed a motion for dissolution of the TRO and a brief in support of its motion. The City alleged that none of the 22 violations on the initial 2017 notice of property violations had been remedied. It further alleged that no progress had been made for the last 6 years, and the house remained in an unsafe, unsanitary, and uninhabitable condition.

Subsequently, the court entered an order finding good cause to continue the TRO until August 31, 2023, and set a new hearing on that date. The court ordered St. Thomas Group to completely remedy all 22 violations by the August 31 hearing date.

Following the August 31, 2023, hearing, the court entered an order dissolving the TRO preventing demolition and denying the request for a permanent injunction. It further dismissed St. Thomas Group's complaint with prejudice. It stated that it found St. Thomas Group's witness not credible and the City's witnesses credible. It found that even if St. Thomas Group was given every benefit of the doubt, 16 to 18 of the 22 violations that had been pending since 2017 had not been resolved. The court further found that St. Thomas Group had failed to demonstrate that it lacked an adequate remedy at law.

## ASSIGNMENTS OF ERROR

St. Thomas Group assigns that the trial court erred in: (1) finding that it lacked credibility and that the City had credibility, (2) failing to provide weight to the exhibits, specifically the exhibits showing photographic evidence of an installed fire alarm and plumbing work completion and other repairs, (3) failing to find it would be irreparably harmed and in removing the restraining order, (4) failing to find it had made all necessary repairs, and (5) failing to award it costs and attorney fees.

## STANDARD OF REVIEW

When there is no bill of exceptions, we examine and consider only the pleadings in conjunction with the judgment reviewed. *William P. v. Jamie P.*, 313 Neb. 378, 984 N.W.2d 285 (2023). In the absence of a record of the evidence considered by the court, it is presumed on appeal that the evidence supports the trial court's orders and judgment. *Id.*

ANALYSIS

The record on appeal does not contain a bill of exceptions. The responsibility for filing a bill of exceptions for appellate review rests with the appellant. See Neb. Rev. Stat. § 25-1140 (Reissue 2016). Neb. Ct. R. App. P. § 2-105 governs the procedure for making and preserving a record for appeal, as well as requesting a bill of exceptions. Under § 2-105, the appellant must file a request for a bill of exceptions at the same time the notice of appeal is filed and failure to do so constitutes a waiver of the right to request a bill of exceptions, unless leave is granted by the appellate court to request the bill of exceptions out of time. See § 2-105(B)(2)(a).

In this case, St. Thomas Group failed to timely file a request for a bill of exceptions. It filed a motion for leave to submit bill of exceptions out of time, which we denied. As such, no bill of exceptions was prepared.

As stated above, when there is no bill of exceptions, we examine and consider only the pleadings in conjunction with the judgment reviewed. See *William P. v. Jamie P., supra*. In the absence of a record of the evidence considered by the court, it is presumed on appeal that the evidence supports the trial court's orders and judgment. *Id.*

St. Thomas Group assigns that the trial court erred in finding that its evidence lacked credibility and the City's evidence was credible, failing to provide weight to its exhibits, failing to find it would be irreparably harmed, and failing to find it had made all necessary repairs. These assignments of error all are based on the testimony and exhibits received at the August 31, 2023, hearing. Without a bill of exceptions, we are unable to review the transcription of what took place at the hearing and are further unable to review any evidence received at that hearing.

The trial court found St. Thomas Group's witness not credible and the City's witnesses credible. It found that even if St. Thomas Group was given every benefit of the doubt, 16 to 18 of the 22 violations that had been pending since 2017 had not been resolved. The court further found that St. Thomas Group had failed to demonstrate that it lacked an adequate remedy at law. Since we lack a record of the evidence adduced and considered by the court, we are required to presume that the evidence supports the court's order dissolving the TRO and dismissing St. Thomas Group's complaint with prejudice. Accordingly, St. Thomas Group's first four assignments of error fail.

St. Thomas Group also assigns that the trial court erred in failing to award it costs and attorney fees, but it does not argue the alleged error. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Diamond v. State*, 302 Neb. 892, 926 N.W.2d 71 (2019). Because St. Thomas Group has failed to both assign and argue its assertion regarding costs and attorney fees, we do not address it.

CONCLUSION

Because St. Thomas Group failed to present an adequate record for our review, we must affirm the trial court's decision to dissolve the TRO and dismiss St. Thomas Group's complaint with prejudice. Further, because appellant did not assign and argue the court's failure to award it costs and attorney fees, we do not address it. The order of the trial court is affirmed.

AFFIRMED.