IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

COE V. JOHNSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JAZLYN COE, APPELLEE,

V.

ADAM JOHNSON, APPELLANT.

Filed October 1, 2024.    No. A-24-182.

Appeal from the District Court for Fillmore County: DAVID J. A. BARGEN, Judge. Affirmed.

Adam Johnson, pro se.

No appearance for appellee.

MOORE, RIEDMANN, and BISHOP, Judges.

BISHOP, Judge.

## I. INTRODUCTION

The Fillmore County District Court issued a domestic abuse protection order against Adam Johnson in favor of Jazlyn Coe. Johnson, pro se, appeals. He claims there was insufficient evidence, and that he was denied procedural due process because the district court did not give him sufficient time to prepare his evidence and did not allow his witnesses to testify. We affirm.

## II. BACKGROUND

On February 9, 2024, Coe filed a petition and affidavit to obtain a domestic abuse protection order against Johnson pursuant to Neb. Rev. Stat. § 42-924 (Supp. 2023). Coe alleged that she was a victim of domestic abuse, and that Johnson was someone she had dated in the past. Coe claimed that on February 8, she was lying in bed when Johnson entered her bedroom and started talking. She was unsure of what he said, but she "hyperventilated and blacked out," "[h]e scared [her] so bad [she] froze." Coe also claimed that on February 5, Johnson's car caught on fire,

- 1 -

and he blamed her. He threatened her and said that if he saw her in public, "[h]e would beat [her]." He had "other people start attacking [her] over text message," and "[he] also pretended to be a fire marshal and a sheriff as a way to harass [her]." Finally, Coe alleged that from January to February 9, Johnson harassed her using different phone numbers and accounts, including his deceased wife's accounts. Coe's petition and affidavit included screenshots of numerous social media and text messages and emails. The screenshots contained the following remarks purportedly made by Johnson: "I would love to see you suffer and drown"; "Fuck you go kill yourself"; "If I see you out in public . . . I'm beating the fuck out of you right there on the spot"; and "I hope you die here really soon."

The district court entered an ex parte domestic abuse protection order against Johnson in favor of Coe on February 9, 2024. This order was to remain in effect for 1 year. The court determined that it reasonably appeared from the specific facts included in the affidavit that Coe was in immediate danger of abuse before the matter could be heard on notice. The court ordered that a copy of the order and petition be served on Johnson. A return of service shows that a sheriff personally served Johnson with the order that same day. On February 12, Johnson requested a hearing on the protection order.

The district court set the hearing for February 20, 2024, and based on the court's order and "Judges Notes" entered the same day, both Johnson and Coe were present without counsel at that hearing. The "Judges Notes" further indicate that the petition and affidavit to obtain a domestic abuse protection order was received into evidence as exhibit 1, and that evidence was "presented." The court affirmed the February 9 ex parte domestic abuse protection order, which it ordered to remain in full force and effect for a period of 1 year from the date the ex parte order was issued.

Johnson appeals. However, he did not timely file his request for the preparation of the bill of exceptions. This court issued an order to show cause citing to Neb. Ct. R. App. P. § 2-105(B)(2) and asked Johnson to explain why his appeal should not proceed as if no request for a bill of exceptions had been made. Johnson responded, stating that he "simply did not know" because he "cannot look [up] certain legal guidelines or statutes" "on the legal computer we have in our jail cell." Finding that Johnson failed to provide good cause for his late bill of exceptions request, this court denied his request. See, § 2-105(B)(2); *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015) (pro se litigant held to same standards as one who is represented by counsel). Thus, although we have a transcript, there is no bill of exceptions available for this court's review. We also note here that Coe did not file a brief in this appeal.

## III. ASSIGNMENTS OF ERROR

Johnson assigns, reordered and restated, that the district court (1) erred in granting the domestic abuse protection order because there was a "lack of evidence" and (2) denied him procedural due process by (a) not giving him "enough time to prepare his evidence" and (b) "not allowing [his] witnesses to give testimony."

## IV. STANDARD OF REVIEW

Ordinarily, the grant or denial of a protection order is reviewed de novo on the record. *William P. v. Jamie P.*, 313 Neb. 378, 984 N.W.2d 285 (2023). In such de novo review, an appellate court reaches conclusions independent of the factual findings of the trial court. *Id.* However, where

the credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the circumstances that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Id.*

When there is no bill of exceptions, an appellate court examines and considers only the pleadings in conjunction with the judgment reviewed. See *id.* In the absence of a record of the evidence considered by the court, it is presumed on appeal that the evidence supports the trial court's orders and judgment. *Id.*

The determination of whether the procedures afforded to an individual comport with the constitutional requirements for procedural due process presents a question of law. *In re Interest of Jordon B.*, 316 Neb. 974, 7 N.W.3d 894 (2024). An appellate court independently reviews questions of law decided by a lower court. *Id.*

## V. ANALYSIS

### 1. SUFFICIENCY OF EVIDENCE

Johnson contends that the district court erred in granting the domestic abuse protection order because there was a "lack of evidence." Brief for appellant at 3. However, our review of this alleged error is limited because there is no bill of exceptions due to Johnson not timely filing a request for a bill of exceptions at the time he filed his appeal. It is incumbent upon the appellant to present a record supporting the errors assigned. *William P. v. Jamie P., supra.* In the absence of a complete bill of exceptions, an appellate court presumes that the issues of fact in the order of the trial court were supported by the evidence and were correctly determined. *Id.* Offering of a bill of exceptions is necessary if the appellate court is to consider errors assigned by the appellant which require a review of the evidence that was received by the tribunal from which the appeal is taken. *Id.* In the present case, our review is therefore limited to the documents contained in the transcript filed in this appeal. See *id*.

Under the Protection from Domestic Abuse Act, Neb. Rev. Stat. § 42-901 et seq. (Reissue 2016, Cum. Supp. 2022 & Supp. 2023), "[a]ny victim of domestic abuse may file a petition and affidavit for a protection order[.]" § 42-924(1)(a). Section 42-903 defines, in pertinent part, the following terms:

> (1) Abuse means the occurrence of one or more of the following acts between family or household members:

> (a) Attempting to cause or intentionally and knowingly causing bodily injury with or without a dangerous instrument;

> (b) Placing, by means of credible threat, another person in fear of bodily injury. For purposes of this subdivision, credible threat means a verbal or written threat, including a threat performed through the use of an electronic communication device, or a threat implied by a pattern of conduct or a combination of verbal, written, or electronically communicated statements and conduct that is made by a person with the apparent ability to carry out the threat so as to cause the person who is the target of the threat to reasonably fear for his or her safety or the safety of his or her family. It is not necessary to prove that the person making the threat had the intent to actually carry out the threat. The present incarceration of the person making the threat shall not prevent the threat from being deemed a credible threat under this section; or

(c) Engaging in sexual contact or sexual penetration without consent as defined in section 28-318;

. . . .

(3) Family or household members includes . . . persons who are presently involved in a dating relationship with each other or who have been involved in a dating relationship with each other. For purposes of this subdivision, dating relationship means frequent, intimate associations primarily characterized by the expectation of affectional or sexual involvement, but does not include a casual relationship or an ordinary association between persons in a business or social context[.]

Coe's petition has a box marked which indicates that Johnson was "someone I have dated in the past." She also included descriptions of Johnson's actions, including his threats to harm her that we have set forth above. Although we lack a record of what evidence, besides Coe's petition and affidavit, may have been adduced and considered by the district court at the hearing, we are required to presume that the evidence supports the court's order granting a protection order against Johnson. See *William P. v. Jamie P., supra* (in absence of record of evidence considered by trial court, it is presumed on appeal that evidence supports trial court's orders and judgment). Accordingly, we find that there was sufficient evidence for the district court to grant the protection order.

### 2. DUE PROCESS CLAIMS

#### (a) Notice and Opportunity to Be Heard

We next turn to the question of whether Johnson was denied procedural due process. Johnson asserts that he was denied due process at the show cause hearing because he was not given sufficient time to prepare his evidence. Johnson alleges that he requested a continuance at the show cause hearing and that his request was denied. However, without a bill of exceptions, there is no evidence in our record to show that a request for continuance was made and on what grounds, or what reasons the district court may have expressed for denying the request. But even assuming that a continuance was requested at the protection order hearing, we can nevertheless conclude that Johnson was not denied procedural due process based on the limited record before us.

Generally, procedural due process requires parties whose rights are to be affected by a proceeding to be given timely notice, which is reasonably calculated to inform the person concerning the subject and issues involved in the proceeding; a reasonable opportunity to refute or defend against a charge or accusation; representation by counsel, when such representation is required by constitution or statute; and a hearing before an impartial decisionmaker. *Yerania O. v. Juan P.*, 310 Neb. 749, 969 N.W.2d 121 (2022).

When it comes to protection orders, the Nebraska Supreme Court has recognized that because the intrusion on a respondent's liberty interests is relatively limited, the procedural due process afforded in a protection order hearing is likewise limited. See *id.* But while the procedures required in a protection order proceeding may not reflect the full panoply of procedures common to civil trials, due process does impose some basic requirements. See *id.*

The protection order in this case is governed by §§ 42-924 to 42-926. The statutory scheme of these statutes is designed to afford a respondent due process, requiring both notice and an

opportunity to be heard. See *Zuco v. Tucker*, 9 Neb. App. 155, 609 N.W.2d 59 (2000). The Nebraska Supreme Court discussed procedural due process requirements in the context of protection order proceedings in *D.W. v. A.G.*, 303 Neb. 42, 926 N.W.2d 651 (2019). The court stated that

> a respondent in a protection order proceeding must be notified of the grounds upon which a protection order is sought and provided with an opportunity to respond to those grounds at the show cause hearing. This should come as no surprise. Notice and an opportunity to be heard are, after all, basic requirements of procedural due process.

*Id.* at 50, 926 N.W.2d at 657.

In this case, Coe filed a petition and affidavit seeking a domestic abuse protection order, which specified the grounds upon which the protection order was sought. The district court issued an ex parte domestic abuse protection order that same day, naming Coe as the protected party and giving Johnson 10 days to request a show cause hearing. Johnson was personally served with a copy of the petition and order on February 9, 2024, as shown by the return of service filed on February 12. Johnson requested a show cause hearing on February 12, which was scheduled for February 20, 8 days after his request. Johnson was notified of the hearing date by email. Both Coe and Johnson appeared at the hearing, where the court received as evidence Coe's petition and affidavit and the court affirmed its previous ex parte domestic abuse protection order.

Johnson appeared at the show cause hearing and had an opportunity to present his side of the case. He was afforded proper notice and an opportunity to be heard regarding the protection order. Johnson was not denied procedural due process.

(b) Witnesses

Johnson also argues that he was denied due process at the show cause hearing because the district court did not allow his witnesses to testify. However, the absence of a bill of exceptions or other documents containing Johnson's alleged requests for witnesses or the court's reasons for denying such requests precludes our review of this alleged error. This issue cannot be addressed by our review of the pleadings and orders contained in the transcript submitted to this court. It is incumbent upon the appellant to present a record supporting the errors assigned. *William P. v. Jamie P.*, 313 Neb. 378, 984 N.W.2d 285 (2023).

VI. CONCLUSION

For the reasons stated above, we affirm the protection order entered against Johnson in favor of Coe.

AFFIRMED.