IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

NERO V. NERO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

GABRIELLE M. NERO, APPELLEE,

V.

DANIEL R. NERO, APPELLANT.

Filed June 23, 2026.    No. A-25-572.

Appeal from the District Court for Douglas County: MOLLY B. KEANE, Judge. Affirmed.

Daniel R. Nero, pro se.

Marcus P. Hytrek, of Husker Law, for appellee.

RIEDMANN, Chief Judge, and BISHOP and FREEMAN, Judges.

FREEMAN, Judge.

### INTRODUCTION

Daniel R. Nero appeals from the Douglas County District Court's decree that dissolved his marriage to Gabrielle M. Nero. The court's decree set forth a division of property, a parenting plan, and a child support obligation. Daniel was not present at the trial. Daniel claims that the district court erred in entering the dissolution decree in violation of his due process rights and in calculating child support based on inaccurate financial information. For the reasons set forth herein, we affirm.

### BACKGROUND

Daniel's request for the bill of exceptions included only the "Decree of Dissolution prepared by Husker Law." This factual basis therefore derived from the decree.

- 1 -

Daniel and Gabrielle were married in 2011 and have four minor children together, two of whom were adopted. At some point, Gabrielle filed a petition for dissolution of marriage. Daniel was served via personal service and the return of service was filed on July 13, 2023.

On June 26, 2025, the matter of dissolution came before the district court for trial. Both parties were represented by counsel, but Daniel failed to appear. That same day, the court entered a decree of dissolution. In its decree, the court found that Daniel and Gabrielle had made reasonable efforts to reconcile without success and that the marriage was irretrievably broken. The court set forth a division of property, a parenting plan, and a child support obligation.

The district court awarded Gabrielle sole legal and physical custody based on the children's best interests. The court ordered Daniel to pay $1,216 per month in child support for the four children and awarded Gabrielle the monthly adoption subsidy from the Department of Health and Human Services.

Daniel appeals.

## ASSIGNMENTS OF ERROR

Daniel assigns, reordered and restated, that the district court erred in (1) entering the dissolution decree without his presence at trial, in violation of his due process rights, and (2) ordering a child support obligation based on inaccurate financial information.

## STANDARD OF REVIEW

The determination of whether the procedures afforded to an individual comport with constitutional requirements for procedural due process presents a question of law. *Dycus v. Dycus*, 307 Neb. 426, 949 N.W.2d 357 (2020).

In a marital dissolution action, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. *Seemann v. Seemann*, 318 Neb. 643, 18 N.W.3d 118 (2025). This standard of review applies to the trial court's determinations regarding custody, child support, division of property, alimony, and attorney fees. *Id*.

A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*.

## ANALYSIS

*Due Process*.

Daniel claims that he was denied due process because the district court entered the dissolution decree without providing him notice or a meaningful opportunity to be heard. Daniel further argues that he was denied notice and opportunity to be heard due to counsel's failure to communicate the trial date.

First, Daniel's assertion that his attorney failed to communicate the trial date to him is unsupported by the record. It is incumbent on the party appealing to present a record that supports the errors assigned; absent such a record, as a general rule, the decision of the lower court as to those errors will be affirmed. *Czech v. Allen*, 318 Neb. 904, 21 N.W.3d 1 (2025). The record on appeal here provides no indication of the circumstances surrounding, or communications between,

Daniel and his trial counsel concerning notice of the trial date. Consequently, Daniel has failed to provide a record to support his assigned error.

Second, even if we considered Daniel's claim on the record before us, counsel's presence at trial satisfied procedural due process. Due process principles protect individuals from arbitrary deprivation of life, liberty, or property without due process of law. *Bryan M. v. Anne B.*, 292 Neb. 725, 874 N.W.2d 824 (2016). Due process does not guarantee an individual any particular form of state procedure; instead, the requirements of due process are satisfied if a person has reasonable notice and an opportunity to be heard appropriate to the nature of the proceeding and the character of the rights which might be affected by it. *Sulzle v. Sulzle*, 318 Neb. 194, 14 N.W.3d 532 (2024).

"An 'elementary and fundamental' requirement of procedural due process is notice reasonably calculated, under all the circumstances, to inform interested parties of action affecting their rights." *Id*. at 211, 14 N.W.3d 546 (quoting *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). While actual notice is not the test of compliance with procedural due process, procedural due process is not violated when there is actual notice, because actual notice serves the same purposes legal notice is intended to accomplish. See *Sulzle v. Sulzle, supra*.

The Nebraska Supreme Court has held that notice to the counsel of record constitutes notice to the party represented by such counsel. See *id*. In this case, the district court's dissolution decree set forth that Daniel "was represented by Erick A. Martin." In the context of court orders describing what has transpired below, "[t]he transcript imports absolute verity, and cannot be impeached. If incorrect, or if it fails to speak the truth, the correction must be made in the district court and not here." *Id*. at 212, 14 N.W.3d at 547 (quoting *Lippincott v. Lippincott*, 144 Neb. 486, 13 N.W.2d 723 (1944)). Stated another way, the transcript of the orders or judgment entered is the sole, conclusive, and unimpeachable evidence of the proceedings in the district court, and the correctness of the record may not be assailed collaterally in an appellate court. *Sulzle v. Sulzle, supra*.

Here, nothing in the record contradicts the district court's statement that Daniel was represented by Martin at the dissolution trial. This is sufficient to satisfy procedural due process requirements of reasonable notice and an opportunity to be heard appropriate to the nature of the proceeding and the character of the rights affected by it. See *Sulzle v. Sulzle, supra*.

Daniel's argument that counsel failed to inform him of trial, thereby constituting a breach of duty, does not alter the outcome of the due process analysis in this appeal. As previously stated, the record does not support Daniel's assertion that counsel failed to notify him of the trial date. In any event, the claim fails because notice to Daniel's counsel constituted notice to Daniel for purposes of due process.

*Child Support*.

Daniel next assigns that the district court erred in ordering child support based on inaccurate financial information. Daniel asserts that the support obligation exceeds statutory limits and was calculated without considering his "Social Security Disability Income," Gabrielle's adoption subsidy, or the actual custodial arrangement. Brief for appellant at 6. On the record presented, we are unable to evaluate Daniel's claims.

As we noted above, Daniel's request for a bill of exceptions included only the decree of dissolution. It is incumbent upon the appellant to present a record supporting the errors assigned. See *William P. v. Jamie P.*, 313 Neb. 378, 984 N.W.2d 285 (2023). In the absence of a complete bill of exceptions, an appellate court presumes that the issues of fact in the order of the trial court were supported by the evidence and were correctly determined. *Id*. Offering of a bill of exceptions is necessary if the appellate court is to consider errors assigned by the appellant which require a review of the evidence that was received by the tribunal from which the appeal is taken. *Id*. An appellant may not successfully assert that the evidence was insufficient to support a lower court's order when the record on appeal affirmatively demonstrates that sufficient evidence was considered by the lower court, with notice to and without objection by the appellant. *Id*.

Turning to the transcript before this court, the district court's decree states that Gabrielle filed a petition for dissolution of marriage. It further states that, at trial, the court heard witness testimony, received exhibits, and ultimately determined that Gabrielle should have legal and physical custody of the parties' minor children. The decree notes that the court adopted the attached child support calculation and ordered Daniel to pay $1,216 per month. We therefore understand that the district court considered the evidence presented at trial.

Although we lack a record of the evidence adduced and considered by the district court, we are required to presume that this evidence supports Daniel's child support obligation. See *William P. v. Jamie P., supra*. Accordingly, this assignment of error fails.

CONCLUSION

For the foregoing reasons, we conclude that the district court did not err when it entered its dissolution decree.

AFFIRMED.